Brian W. LaCorte (012237)
lacorteb@ballardspahr.com
Kimberly A. Warshawsky (022083)
warshawskyk@ballardspahr.com
Jonathon A. Talcott (030155)
talcottj@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

John L. Cuddihy (*Pro Hac Vice* Forthcoming)
cuddihyj@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

*Attorneys for Plaintiff GoDaddy*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| GoDaddy.com, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RPost Communications Limited; RMail Limited; RPost International Limited; and RPost Holdings, Inc.,<br><br>Defendants. | No.____________________<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GoDaddy.com, LLC ("GoDaddy") hereby pleads the following claims for fraud and for Declaratory Judgment of non-infringement, invalidity, and patent misuse against Defendants RPost Holdings, Inc. ("RPost Holdings"), RPost International Limited ("RPost International"), RMail Limited ("RMail"), and RPost Communications Limited ("RComm") (collectively, "RPost"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action is based in part on the patent laws of the United States, Title 35 of the United States Code. RPost has alleged infringement of U.S. Patent Nos. 8,209,389 ("the '389 Patent"), 8,224,913 ("the '913 Patent"), 8,161,104 ("the '104 Patent"),

8,468,198 (“the ’198 Patent”), and 8,468,199 (“the ’199 Patent”) (collectively, the “Patents-in-Suit”) based on certain alleged ongoing activity by GoDaddy.

2. This action is further based on fraudulent activities of RPost relating to ownership of the Patents-in-Suit. RPost’s material misrepresentations regarding its right to assert the Patents-in-Suit have forced GoDaddy to undertake extensive efforts to assess its liability without the concurrent ability to resolve any dispute by way of an unclouded license to the Patents-in-Suit.

3. GoDaddy contends that it has the right to engage in the accused activity without license to any of the Patents-in-Suit. But even if GoDaddy were required to enter a license to engage in the accused activity, it could not enter such a licensing arrangement with RPost because any such license would be subject to third parties’ now-pending claims of ownership rights to the Patents-in-Suit. GoDaddy thus seeks claims against RPost for fraudulent misrepresentation, a declaration of patent misuse, and a declaration that GoDaddy does not infringe the Patents-in-Suit and that the Patents-in-Suit are invalid.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

## THE PARTIES

4. Plaintiff GoDaddy is a Delaware limited liability company with a principal place of business located at 14455 N. Hayden Road, Suite 219, Scottsdale, Arizona 85260.

5. On information and belief, Defendant RPost Holdings is a corporation organized under the laws of the State of Delaware with its headquarters located at 6033 W. Century Blvd., Suite 1278, Los Angeles, California 90045-6422.

6. On information and belief, Defendant RComm is a corporation organized under the laws of Bermuda.

7. On information and belief, Defendant RMail is a corporation organized under the laws of Bermuda.

8. On information and belief, Defendant RPost International is a corporation organized under the laws of Bermuda. On further information and belief, RPost

International changed its name to Secure Messaging Systems, also organized under the laws of Bermuda, on or about September 13, 2013.

**JURISDICTION AND VENUE**

9. This is a civil action regarding RPost's fraud, patent misuse, allegations of patent infringement and patent invalidity arising under common law and the patent laws of the United States, Title 35 of the United States Code, in which GoDaddy seeks to recover damages incurred from RPost's fraudulent misrepresentations of patent ownership, and in which GoDaddy further seeks declaratory relief under the Declaratory Judgment Act. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, 1338, 2201, and 2202.

10. An actual, justiciable controversy exists between GoDaddy and RPost by virtue of RPost's fraudulent allegations that it owns the Patents-in-Suit with unclouded title, and by virtue of RPost's allegations that GoDaddy infringes the Patents-in-Suit by making, using, offering to sell, or selling GoDaddy's "Electronic Email Marketing" message delivery and/or failure tracking products in the United States. GoDaddy contends that it has a right to make and sell its software, systems, and technology, including those incorporated in its products, without license from RPost.

11. The Court has personal jurisdiction over RPost pursuant to the Due Process Clause of the United States Constitution and pursuant to Arizona's long-arm statute. ARIZ. R. CIV. P. 4.2(a).

12. The Court has general personal jurisdiction over RPost because RPost has conducted substantial and continuous business in (and has substantial and continuous contact with) the District of Arizona. Among other things, RPost conducts regular business in Arizona directly through its highly interactive, e-commerce website that is specifically directed to and generates contractual relationships with residents of this forum. *See, e.g.*, www.rpost.com. RPost's website is designed to appeal to Arizona residents and solicits Arizona residents to purchase and download software products and services that RPost alleges embody the Patents-in-Suit. On information and belief,

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

RPost's website has in fact elicited a significant number of interactions with Arizona residents that is consistent with RPost's national model of conducting interstate business, resulting in a high volume of traffic to RPost's website from Arizona residents.

13. Additionally, the nature of RPost's business is systematic and continuous with this state by virtue of RPost's "registered email" tracking and authentication products that RPost claims are, in effect, a modern-day replacement of traditional United States certified mail. As a result, RPost's website promotes products and services that involve interstate communications of legal significance. RPost has sought and obtained the endorsement of a prominent local legal association in this forum, the Maricopa County Bar Association ("MCBA"), a relationship which RPost has promoted in its marketing materials and which is significant to Arizona attorneys, businesspersons, and other professionals. On information and belief, documents and communications laying claim to RPost's tracking and authentication signatures play a pervasive and important role in Arizona legal proceedings due to, for example, their purported evidentiary or legal significance, as embraced by the MCBA.

14. The Court also has specific personal jurisdiction over RPost. GoDaddy resides in this District. In addition to the allegations set forth above (which are incorporated herein), RPost also has sent multiple fraudulent letters and made telephone calls into this District to GoDaddy, falsely accusing it of infringing the Patents-in-Suit and offering to "discuss … a business resolution" with GoDaddy. Each of these letters omits material facts relating to the cloud over RPost's title to the Patents-in-Suit that prevent GoDaddy from obtaining a free and clear license to these patents at the same time RPost threatens litigation. The fraudulent misrepresentations made in these letters and phone calls directly give rise to the claims arising from this Complaint. As detailed below, each of the named RPost entities purports or has purported to claim ownership rights to one or more of the Patents-in-Suit during the alleged time period of the alleged infringement, and each of the named RPost entities is alleged to have been involved with the fraudulent transactions of the Patents-in-Suit.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the acts giving rise to the claim occurred in this judicial district, substantial evidence relating to the GoDaddy systems accused of infringement lies in this judicial district, the communications forming the basis of RPost's fraud and the effects resulting therefrom were directed to this District, and because RPost is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### A. Clouded Title to the Patents-in-Suit.

***The Barton 581 Case***[1]

16. On January 29, 2010, Mr. Barton, a substantial shareholder and founder of RPost International, brought a state court action in California for fraud and breach of fiduciary duty against, among other defendants, RPost International, RPost, Inc., and Mr. Zafar Khan and Dr. Terrance Tomkow. *Barton 581 Case*, 6/19/12 Statement of Decision, at 1. Mr. Barton alleged that the defendants unlawfully converted his over 6,000,000 shares of RPost International. *Id.* at 5. On August 3, 2012, following a trial, the court issued its Statement of Decision. *Id.* at 1. The court found that RPost International, Mr. Khan, and Dr. Tomkow had acted with malice, oppression, and fraud in converting Mr.

[1] The following shorthand references may be used herein: **State court cases**: *Barton v. RPost Int'l Ltd.*, No. YC061581 (Cal. Super., Rice, J.) (compl.filed Jan. 29, 2010) ("Barton 581 Case"); *Barton v. RPost Int'l Ltd.*, No. YC065259 (Cal.Super., Rice, J.) (compl. filed July 28, 2011) ("Barton 259 Case"). **Lead bankruptcy cases**: *In re Zafar David Khan*, No. 2:13-bk-19713-VZ (Bankr. C.D. Cal.,Zurzolo, J.) ("Khan Bankruptcy Case"); *In re Terrance Alexander Tomkow*, No. 2:13-bk-19712-WB (Bankr. C.D. Cal., Brand, J.) ("Tomkow Bankruptcy Case") (collectively,"California Bankruptcy Cases"). **Adversary proceedings in bankruptcy cases**: *Burke v. Khan*, No. 2:13-ap-01773-VZ(Bankr. C.D. Cal., Zurzolo, J.) ("Khan Shareholder Derivative Action"); *Burke v. Tomkow*,No. 2:13-ap-01774-WB (Bankr. C.D. Cal., Brand, J.) ("Tomkow Shareholder DerivativeAction") (collectively, "Shareholder Derivative Actions"); *Barton v. Khan*, No. 2:13-ap-01752-VZ (Bankr. C.D. Cal., Zurzolo, J.) ("Khan Barton Adversary Proceeding"); *Barton v.Tomkow*, No. 2:13-ap-01751-WB (Bankr. C.D. Cal., Zurzolo, J.) ("Tomkow Barton Adversary Proceeding") (collectively, "Barton Adversary Proceedings"). These cases shall be referred to collectively herein as the "Pending California Actions."

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Barton's shares. *Id.* at 10. They were ordered not only to restore the shares to Mr. Barton, but also to pay him punitive and general damages. *Id.* at 7-10.

17. On June 18, 2013, the court issued its Ruling on Punitive Damages and Revisions to Statement of Decision. *Barton 581 Case*, 8/30/13 Judgment After Court Trial, at 1. The court revised its earlier decision and awarded over four million dollars to Mr. Barton in compensation for his converted shares, damages for emotional distress, and punitive damages against Mr. Khan and Dr. Tomkow. *Id.* at 3-5.

***The Barton 259 Case***

18. On July 28, 2011, Mr. Barton brought a second state court action in California against defendants RPost International, RMail, and RComm, alleging that RPost International, Mr. Khan, and Dr. Tomkow fraudulently transferred corporate assets of RPost International to both RMail and RComm. *Barton 259 Case*, Compl. (Dkt. No. 001, July 28, 2011). Those fraudulently transferred assets include intellectual property rights held by RPost International. *Id.* ¶ 9.

19. Mr. Barton alleges that Mr. Khan and Dr. Tomkow, who control both RPost International and RMail, caused RPost International to transfer $750,000 to RMail, which RMail then used to purchase RPost Internation's intellectual property assets. *Id.* Mr. Khan and Dr. Tomkow then had RPost International pay a license fee to RMail for the use of the very same intellectual property assets it held before the fraudulent transfer. *Id.*

20. Mr. Barton also alleges that Mr. Khan, Dr. Tomkow, and RPost International fraudulently transferred other RPost International assets to RComm without the approval of or notice to RPost International's shareholders, including Mr. Barton. *Id.* ¶¶ 10 & 12. Specifically, the Barton 259 Case complaint states:

> Plaintiff is informed and believes, and on that basis alleges, that RPost [International] transferred other RPost [International] assets to RComm (the "RPost-RComm Asset Transfers") in or about February-April 2011. RPost [International], acting without notice to and approval of all shareholders of RPost [International], transferred assets of RPost [International] to RComm (another newly formed Bermuda corporation (also formed at the behest (and under the control) of Messrs. Khan and Tomkow, among others)).

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

* * *

> RPost [International], acting by and through Messrs. Khan and Tomkow, undertook and completed the RPost-RComm Asset Transfers with the actual intent to hinder, delay, or defraud Plaintiff.

*Id.*

21. These averments are significant because the USPTO assignment records for the Patents-In-Suit in this case show that they were all assigned by RPost International to RComm in a common document executed on March 21, 2011 and recorded on June 5, 2013 at Reel/Frame 030549/0838. *See* Patent Assignment Abstract of Title for U.S. Patent Nos. 8,161,104; 8,209,389; 8,468,198; 8,468,199; and 8,224,913 (Recorded with USPTO at Reel 030549 Frames 0838-0844). The assignment agreement is signed only by Mr. Khan as an "Officer" of RPost International and by Dr. Tomkow as an "Officer" of RComm. *Id.*

22. RMail and RComm have since attempted to exploit the value of those allegedly fraudulently transferred assets in multiple patent infringement lawsuits.

***The California Bankruptcy Cases, the Barton Adversary Proceedings, and the Shareholder Derivative Actions***

23. Apparently seeking to avoid paying a judgment to Mr. Barton, Mr. Khan and Dr. Tomkow each filed for bankruptcy under Chapter 13 on a Sunday evening after the court in the Barton 581 Case indicated its decision was forthcoming. *Khan Bankruptcy Case*, Volun. Pet. (Dkt. No. 001, Apr. 14, 2013); *Tomkow Bankruptcy Case*, Volun. Pet. (Dkt. No. 001, Apr. 14, 2013). Those bankruptcy filings have been objected to on numerous grounds by both the Trustee and Mr. Barton. *Khan Bankruptcy Case*, Obj. to Conf. of Plan by Barton (Dkt. No. 024, May 21, 2013); *Tomkow Bankruptcy Case*, Obj. to Conf. of Plan by Barton (Dkt. No. 023, May 21, 2013); *Khan Bankruptcy Case*, Obj. to Conf. of Plan by Trustee (Dkt. No. 025, May 30, 2013); *Tomkow Bankruptcy Case*, Obj. to Conf. of Plan by Trustee (Dkt. No. 025, May 30, 2013).

24. One basis for those objections is that Mr. Khan and Dr. Tomkow attributed a value of $0.00 to their shares in various RPost entities, including RMail and RComm.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

There is overwhelming evidence that contradicts this valuation, including a settlement by RPost entities with Zix Corporation around the time of the bankruptcy filings. *See, e.g.*, Press Release, Zix Corp., Zix Corporation and RPost Reach Settlement Agreement (Apr. 19, 2013). Mr. Khan and Dr. Tomkow also attributed a value of $100,000 to Mr. Barton's judgment, far short of the over $4 million that was awarded by the Court.

25. In December 2013, the bankruptcy court granted Mr. Barton's motions to convert Mr. Khan's and Dr. Tomkow's Chapter 13 bankruptcy cases to Chapter 7 and appointed a trustee to manage their assets, which would include any rights to the Patents-in-Suit. (2:13-bk-19713-WB, Dkt. 86 (Kahn); 2:13-bk-19712, Dkt. 86 (Tomkow).)

26. Mr. Barton has also filed separate adversary proceedings in the Khan and Tomkow Bankruptcy Cases reporting the rulings in the Barton 581 Case and reiterating the allegations in the Barton 259 Case. *Khan Barton Adversary Proceeding*, Compl. (Dkt. No. 001, July 25, 2013); *Tomkow Barton Adversary Proceeding*, Compl. (Dkt. No. 001, July 25, 2013)).

27. By filing for bankruptcy, not only have Mr. Khan and Dr. Tomkow placed their assets, including control of RMail, RComm, and, therefore, the Patents-in-Suit, at issue in satisfying the over four million dollar judgment of their creditor Mr. Barton, they have also triggered the Shareholder Derivative Actions filed as adversary proceedings in the Khan and Tomkow Bankruptcy Cases. *Khan Shareholder Derivative Action*, Compl. (Dkt. No. 001, July 29, 2013); *Tomkow Shareholder Derivative Action*, Compl. (Dkt. No. 001, July 29, 2013).

28. The Shareholder Derivative Actions make similar allegations as the Barton 259 Case regarding the alleged fraudulent transfer of intellectual property assets out of RPost International and aver that Mr. Khan and Dr. Tomkow misappropriated funds from RComm and violated their fiduciary duties to RComm shareholders. *See id.*

29. The plaintiffs in the Shareholder Derivative Actions seek, among other remedies, (i) that a receiver or trustee be appointed to manage and operate RComm to ensure that assets of RComm, including proceeds from RComm's patent lawsuits, are

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

secured, and (ii) that the court order that all proceeds from RComm's patent lawsuits be held in trust, interplead to the Court, and/or paid to and held by a receiver or trustee pending further order of that Court. *See id*. On December 16, the court granted a motion to dismiss the Shareholder Derivative Actions with leave to re-file an amended complaints, which were filed that same day requesting the same relief as asserted in the original complaints for the Shareholder Derivative Actions and which are once again pending. *See* 2:13-ap-1773, Dkts. 44-45; 2:13-ap-1774, Dkts. 42-43.

***RPost Patent Litigation in Other Districts***

30. RPost has asserted patents, including the Patents-in-Suit, against several other defendants in the Eastern District of Texas, including a now-consolidated action captioned *Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-cv-258-JRG (hereinafter, "Consolidated Texas Action"). On the eve of trial in that case, defendant Adobe received correspondence from the plaintiffs in both the Shareholder Derivative Actions and the Barton cases. *Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-cv-258-JRG (Dkt. No. 540, July 30, 2013).

31. The Shareholder Derivative Actions plaintiffs demanded that "before [Adobe] enters into any settlement or disposition concerning the lawsuit concerning RPost, RMail and Adobe, [Adobe] notify all interested parties, and obtain court approval (after providing reasonable notice) from the United States District Court and/or the Bankruptcy Court where Khan and Tomkow filed. We hope this notice will avoid potential litigation between [the Shareholder Derivative Action plaintiffs] and [Adobe]." *Id.*, Ex. A at 2.

32. Counsel in the Barton cases stated: "[w]ithout prejudice to any of Mr. Barton's rights and remedies, in our opinion, no settlement of any IP actions – including the action pending against [Adobe] – should be negotiated or executed without full disclosure of these circumstances to, among other courts, the United States Bankruptcy Court and the United States Bankruptcy Trustees appointed to the Khan/Tomkow bankruptcies in the Central District in Los Angeles, prior and reasonable

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

written notice to our office and other interested parties of the proposed terms, and other due process measures (including written notice to counsel for various RPost shareholders who have since filed derivative actions including fraudulent conveyance claims)." *Id.*, Ex. B at 2.

33. In view of this correspondence and the Pending California Actions, Judge Rodney Gilstrap in the Eastern District of Texas stayed the consolidated *Amazon* case for ninety days or until earlier order of the Court. *Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-cv-258-JRG (Dkt. No. 545, Aug. 2, 2013). On September 9, 2013, Mr. Barton filed a Notice of Lien in the Consolidated Texas Action for the $3.8 million required to satisfy judgment in the Barton 581 case. (2:10-cv-258, Dkt. 550.) On October 17, 2013, Judge Gilstrap extended the stay for an additional sixty days, ordering the parties to keep the court apprised of the ownership disputes over the patents in the Pending California Actions.

34. RPost's ownership of, title to, and right to assert the Patents-in-Suit therefore is subject to a material dispute and has been so since at least the filing of the Barton 581 case on January 29, 2010.

**B. RPost's Fraudulent Misrepresentations Regarding its Right to Assert the Patents-in-Suit.**

35. On July 17, 2013, the Vice President of RPost, Jake Finnell, sent an email to GoDaddy's legal department with the subject line "Registered: RPost – Patent Notice." Exhibit A. The July 17 email refers several times to the "RPost patents" and specifically identifies each of the Patents-in-Suit. The July 17 email requests, among other things, that GoDaddy "take the time to review RPost patents so that [GoDaddy] may evaluate whether [GoDaddy] use[s] RPost patented technology … with or without license from RPost" and requests a meeting to "to engage in a confidential discussion related to [GoDaddy's] use of RPost services and/or patented technology." *Id.*

36. The July 17 email makes no reference to the Pending California Actions or the stay executed relating to the same in the Consolidated Texas Action, and otherwise

contained no indications that RPost's rights to license or otherwise enforce the Patents-in-Suit were anything but free and clear. *See id.*

37. On October 4, 2013, Ray Owens of RPost's "Legal Affairs" sent a letter to Ms. Nima Kelly, GoDaddy's General Counsel, with the Re: line stating "Claim Charts per Patent Infringement Notice." Exhibit B. In the October 4 letter, RPost asserts that GoDaddy infringes the Patents-in-Suit.

38. Specifically, the October 4 letter alleges that "GoDaddy is offering products and services, namely Express Email Marketing, [that] may infringe certain patents owned by RPost. … Because we have not heard from you we have performed our own analysis and believe that you are offering infringing products and services." The October 4 letter further alleges the GoDaddy's Express Email Marketing "perform certain functions taught by RPost's patents. For example, the above identified products and services [i.e., Express Email Marketing] allow electronic messages to be tracked with records generated regarding the receipt, opening, and/or failure of the electronic messages." *Id.*

39. The October 4 letter also attaches claim charts allegedly "identifying selected claims of certain patents and [GoDaddy's] infringing conduct," including various claims of the Patents-in-Suit. The October 4 letter further warns GoDaddy that it should "consider the value of [its] use of RPost's patents, the adverse effects of having to remove the covered features from use, and [GoDaddy's] cost to compensate RPost for past damages … and [GoDaddy's] continued willful infringement of [RPost's] patents may result in trebled damages of RPost's lost profits." *Id.*

40. The October 4 letter makes no reference to the Pending California Actions (neither the state court nor bankruptcy proceedings), nor to any cloud upon RPost's title to ownership of the Patents-in-Suit of which, at the time, on information and belief RPost and its representatives were well aware.

41. On October 22, 2013, RPost representative Jerry Silver contacted GoDaddy's Associate General Counsel, Intellectual Property, Karl Fazio, by telephone as

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

a follow up to the October 4 letter. During the call, Mr. Silver reiterated RPost's assertions made in the October 4 letter that GoDaddy's Express Email Marketing services infringe the Patents-in-Suit owned by RPost. Mr. Silver referred Mr. Fazio to a lawsuit that RPost had filed against one of GoDaddy's direct competitors, Constant Contact, intimating that RPost would not hesitate likewise to file suit against GoDaddy should it decide not to take a license from RPost. Mr. Silver further suggested that the parties enter into a mutual non-disclosure agreement ("NDA") which, once executed, would allow RPost to discuss past licenses to the Patents-in-Suit, monetary demands, and the like.

42. In both the October 4 letter and the October 22 call, RPost expressly and impliedly represented that it had unclouded rights to license the Patents-in-Suit. These representations were false, and RPost and its representatives, including Mr. Owens and Mr. Silver, knew they were false at least because of the ongoing allegations of ownership rights to the Patents-in-Suit made by third parties in the Pending California Actions.

43. On November 11, 2013, relying upon RPost's representations as to unclouded ownership of the Patents-in-Suit and offers to negotiate a license to them in order for GoDaddy to avoid litigation, GoDaddy entered an NDA with RPost.

44. During the course of subsequent negotiations, GoDaddy will show (without disclosing confidential information exchanged pursuant to the NDA) that RPost continued to misrepresent or omit material facts regarding the status of ownership of the Patents-in-Suit in the Pending California Actions, including that the Consolidated Texas Action was stayed twice due to the ownership uncertainty. At the same time these same negotiations took place, however, RPost continued to represent to GoDaddy both verbally and in proposed agreements that RPost had the unqualified ability to enter licensing or business arrangements granting rights to the Patents-in-Suit—while in reality RPost knew that its ownership to the Patents-in-Suit was, at a minimum, highly in question.

. . .

. . .

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

45. RPost's material misrepresentations and omissions of material facts regarding its ownership rights to the Patents-in-Suit (or lack thereof) as detailed in Paragraphs 35-44 above are collectively referred to herein as "the Misrepresentations."

46. Between October 4 and the filing of this Complaint, and in reliance upon the Misrepresentations and RPost's allegations that GoDaddy infringed the Patents-in-Suit, GoDaddy was forced to hire outside counsel to analyze non-infringement and invalidity of the Patents-in-Suit.

47. GoDaddy has suffered and will suffer harm proximately caused by the Misrepresentations, including for example through ongoing engagement of outside counsel to advise GoDaddy regarding negotiations relating to the Patents-in-Suit, the status of the Pending California Actions, and RPost's ongoing aggressive enforcement of the Patents-in-Suit against third parties.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

**COUNT I**

**Fraudulent Misrepresentation of Patent Ownership**

48. The foregoing paragraphs are incorporated by reference.

49. RPost represented unclouded ownership in and rights to enforce the Patents-in-Suit in the Misrepresentations as set forth in the foregoing paragraphs.

50. The Misrepresentations were false, and RPost knew of this falsity, because of the ongoing allegations of ownership rights to the Patents-in-Suit made by third parties in the Pending California Actions and as acknowledged in the Consolidated Texas Action.

51. The Misrepresentations were material because if RPost does not own the Patents-in-Suit then it has no right to assert them against GoDaddy and, even if GoDaddy were required to obtain a license to the Patents-in-Suit, such a license could not be entered into with RPost despite RPost's requests to do so under threat of litigation.

52. RPost intended that GoDaddy act upon the Misrepresentations in a manner reasonably contemplated to determine whether or not GoDaddy should enter into a license arrangement with RPost.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

53. GoDaddy reasonably relied to its detriment on the Misrepresentations, including the prudent actions of hiring outside counsel to analyze non-infringement and invalidity and investigation into the Pending California Actions.

54. GoDaddy has suffered consequent and proximate injury from RPost's misrepresentations and omissions as to unclouded title to the Patents-in-Suit.

**COUNT II**

**Declaration of Unenforceability of Patents-in-Suit for Patent Misuse**

55. The foregoing paragraphs are incorporated by reference.

56. As alleged in detail in Count I above, RPost has improperly attempted to enforce the Patents-in-Suit by way of the Misrepresentations.

57. RPost's is using the Patents-in-Suit to obtain market benefit beyond the clouded rights it is entitled to in the Patents-in-Suit, which exceed the scope of and impermissibly broaden RPost's rights in and to the Patents-in-Suit.

58. RPost's misuse of the Patents-in-Suit have resulted and continue to result in anti-competitive effects against GoDaddy, including but not limited to casting a cloud on GoDaddy's Express Email Marketing product and services.

59. As a result of RPost's misuse of the Patents-in-Suit, the Patents-in-Suit must be declared unenforceable and RPost must be enjoined from enforcing them.

**COUNT III**

**Declaration of Non-infringement of U.S. Patent No. 8,209,389**

60. The foregoing paragraphs are incorporated by reference.

61. RPost contends that GoDaddy has or is infringing one or more claims of the '389 Patent.

62. RPost claims to be the owner of all right, title, and interest in the '389 Patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

. . .

. . .

63. GoDaddy does not infringe any claim of the ’389 Patent, directly or indirectly, contributorily or otherwise, through its or its customers’ activities in conjunction with any of GoDaddy’s products or services.

64. As set forth above, an actual and justiciable controversy exists between GoDaddy and RPost as to GoDaddy’s non-infringement of the ’389 Patent.

65. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, GoDaddy requests that this Court enter a judgment that GoDaddy does not infringe, under any theory of infringement, any valid claim of the ’389 Patent.

**COUNT IV**

**<u>Declaration of Non-infringement of U.S. Patent No. 8,224,913</u>**

66. The foregoing paragraphs are incorporated by reference.

67. RPost contends that GoDaddy has or is infringing one or more claims of the ’913 Patent.

68. RPost claims to be the owner of all right, title, and interest in the ’913 Patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

69. GoDaddy does not infringe any claim of the ’913 Patent, directly or indirectly, contributorily or otherwise, through its or its customers’ activities in conjunction with any of GoDaddy’s products or services.

70. As set forth above, an actual and justiciable controversy exists between GoDaddy and RPost as to GoDaddy’s non-infringement of the ’913 Patent.

71. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, GoDaddy requests that this Court enter a judgment that GoDaddy does not infringe, under any theory of infringement, any valid claim of the ’913 Patent.

**COUNT V**

**<u>Declaration of Non-infringement of U.S. Patent No. 8,161,104</u>**

72. The foregoing paragraphs are incorporated by reference.

. . .

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

73. RPost contends that GoDaddy has or is infringing one or more claims of the ’104 Patent.

74. RPost claims to be the owner of all right, title, and interest in the ’104 Patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

75. GoDaddy does not infringe any claim of the ’104 Patent, directly or indirectly, contributorily or otherwise, through its or its customers’ activities in conjunction with any of GoDaddy’s products or services.

76. As set forth above, an actual and justiciable controversy exists between GoDaddy and RPost as to GoDaddy’s non-infringement of the ’104 Patent.

77. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, GoDaddy requests that this Court enter a judgment that GoDaddy does not infringe, under any theory of infringement, any valid claim of the ’104 Patent.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

**COUNT VI**

**Declaration of Non-infringement of U.S. Patent No. 8,468,198**

78. The foregoing paragraphs are incorporated by reference.

79. RPost contends that GoDaddy has or is infringing one or more claims of the ’198 Patent.

80. RPost claims to be the owner of all right, title, and interest in the ’198 Patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

81. GoDaddy does not infringe any claim of the ’198 Patent, directly or indirectly, contributorily or otherwise, through its or its customers’ activities in conjunction with any of GoDaddy’s products or services.

82. As set forth above, an actual and justiciable controversy exists between GoDaddy and RPost as to GoDaddy’s non-infringement of the ’198 Patent.

. . .

. . .

83. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, GoDaddy requests that this Court enter a judgment that GoDaddy does not infringe, under any theory of infringement, any valid claim of the '198 Patent.

**COUNT VII**

**Declaration of Non-infringement of U.S. Patent No. 8,468,199**

84. The foregoing paragraphs are incorporated by reference.

85. RPost contends that GoDaddy has or is infringing one or more claims of the '199 Patent.

86. RPost claims to be the owner of all right, title, and interest in the '199 Patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.

87. GoDaddy does not infringe any claim of the '199 Patent, directly or indirectly, contributorily or otherwise, through its or its customers' activities in conjunction with any of GoDaddy's products or services.

88. As set forth above, an actual and justiciable controversy exists between GoDaddy and RPost as to GoDaddy's non-infringement of the '199 Patent.

89. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, GoDaddy requests that this Court enter a judgment that GoDaddy does not infringe, under any theory of infringement, any valid claim of the '199 Patent.

**COUNT VIII**

**Declaration of Invalidity of U.S. Patent No. 8,209,389**

90. The foregoing paragraphs are incorporated by reference.

91. Upon information and belief, the '389 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112.

92. The claims of the '389 Patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter because they do nothing more than describe a well-known, abstract idea (e.g., that it is useful to track and/or authenticate messages) and apply it using conventional computer technology and the Internet. Further, the invention

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

is wholly inoperative, and therefore lacking utility as required by § 101, at least because the claims require information to be sent prior to it being generated or in existence.

93. The claims of the ’389 Patent are invalid under 35 U.S.C. § 102 and/or § 103 because at least the following prior art references (and additional prior art references that may become known as this case proceeds), alone or in combination, anticipate or render obvious the asserted claims of the ’389 Patent:

- Bahreman, et al., “Certified Electronic Mail,” published at the Proceedings of the Internet Society’s 1994 Symposium on Network and Distributed Systems Security, February 2-4, 1994, pp. 3-19.
- Al-Hammadi, et al., “Certified Exchange of Electronic Mail (CEEM),” Compute Engineering Program, Florida Institute of Technology, published at the Proceedings of IEE Southeastcon ’99, March 25-28, 1999 at the Hyatt Regency Lexington, Lexington, Kentucky.
- Int’l Patent Application Publication No. WO 97/08869, published March 6, 1997 in name of Feldbau et al.
- PRIVACY-ENHANCED EMAIL, Internet standard for privacy-enhanced email. *See* http://www.csee.umbc.edu/~woodcock/cmsc482/proj1/pem.html (published October 24, 1995).
- POSTFIX, open source mail transfer agent for routing and delivering email. *See, e.g.*, Sharing Software, IBM to Release Mail Program Blueprint (published Dec. 14, 1998); Venema Aims to Make Network Software Safe (published Oct. 2 1998).

GoDaddy reserves the right to disclose to RPost additional relevant prior art as may be uncovered as this case proceeds, without necessitating further amendment of this claim.

94. One or more claims of the ’389 Patent are invalid under 35 U.S.C. § 112 at least because each includes an indefinite improper antecedent basis (e.g., there is no antecedent basis for “the sender” in various claims). For this and other reasons to be proven at trial, one or more claims of the ’389 Patent are therefore invalid as indefinite and for failure to meet the written description and/or enablement requirements of 35 U.S.C. § 112.

95. As a result of RPost’s allegation, an actual controversy has arisen and now exists between the parties as to whether the ’389 Patent is invalid. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

. . .

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

96. Pursuant to 28 U.S.C. § 2201, *et seq.*, a judicial declaration that the ’389 Patent is invalid is necessary and appropriate so that GoDaddy can ascertain its rights as to the ’389 Patent.

97. GoDaddy reserves the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

**COUNT IX**

**Declaration of Invalidity of U.S. Patent No. 8,224,913**

98. The foregoing paragraphs are incorporated by reference.

99. Upon information and belief, the ’913 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112.

100. The claims of the ’913 Patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter because they do nothing more than describe a well-known, abstract idea (e.g., that it is useful to track and/or authenticate emails) and apply it using conventional computer technology and the Internet.

101. The claims of the ’913 Patent are invalid under 35 U.S.C. § 102 and/or § 103 because at least the following prior art references (and additional prior art references that may become known as this case proceeds), alone or in combination, anticipate or render obvious the asserted claims of the ’913 Patent:

- Bahreman, et al., “Certified Electronic Mail,” published at the Proceedings of the Internet Society’s 1994 Symposium on Network and Distributed Systems Security, February 2-4, 1994, pp. 3-19.
- Al-Hammadi, et al., “Certified Exchange of Electronic Mail (CEEM),” Compute Engineering Program, Florida Institute of Technology, published at the Proceedings of IEE Southeastcon ’99, March 25-28, 1999 at the Hyatt Regency Lexington, Lexington, Kentucky.
- Int’l Patent Application Publication No. WO 97/08869, published March 6, 1997 in name of Feldbau et al.
- PRIVACY-ENHANCED EMAIL, Internet standard for privacy-enhanced email. *See* http://www.csee.umbc.edu/~woodcock/cmsc482/proj1/pem.html (published October 24, 1995).
- POSTFIX, open source mail transfer agent for routing and delivering email.*See*, *e.g.*, Sharing Software, IBM to Release Mail Program Blueprint (published Dec. 14, 1998); Venema Aims to Make Network Software Safe (published Oct. 2 1998).

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

GoDaddy reserves the right to disclose to RPost additional relevant prior art as may be uncovered as this case proceeds, without necessitating further amendment of this claim.

102. One or more claims of the ’913 Patent are invalid under 35 U.S.C. § 112 at least because they are indefinite and/or fail to meet the written description and/or enablement requirements of 35 U.S.C. § 112.

103. As a result of RPost’s allegation, an actual controversy has arisen and now exists between the parties as to whether the ’913 Patent is invalid. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

104. Pursuant to 28 U.S.C. § 2201, *et seq.*, a judicial declaration that the ’913 Patent is invalid is necessary and appropriate so that GoDaddy can ascertain its rights as to the ’913 Patent.

105. GoDaddy reserves the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

**COUNT X**

**Declaration of Invalidity of U.S. Patent No. 8,161,104**

106. The foregoing paragraphs are incorporated by reference.

107. Upon information and belief, the ’104 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112.

108. The claims of the ’104 Patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter because they do nothing more than describe a well-known, abstract idea (e.g., that it is useful to track and/or authenticate emails) and apply it using conventional computer technology and the Internet.

109. The claims of the ’104 Patent are invalid under 35 U.S.C. § 102 and/or § 103 because at least the following prior art references (and additional prior art references that may become known as this case proceeds), alone or in combination, anticipate or render obvious the asserted claims of the ’104 Patent:

- Bahreman, et al., “Certified Electronic Mail,” published at the Proceedings of the Internet Society’s 1994 Symposium on Network and Distributed Systems Security, February 2-4, 1994, pp. 3-19.

- Al-Hammadi, et al., "Certified Exchange of Electronic Mail (CEEM)," Compute Engineering Program, Florida Institute of Technology, published at the Proceedings of IEE Southeastcon '99, March 25-28, 1999 at the Hyatt Regency Lexington, Lexington, Kentucky.
- Int'l Patent Application Publication No. WO 97/08869, published March 6, 1997 in name of Feldbau et al.
- PRIVACY-ENHANCED EMAIL, Internet standard for privacy-enhanced email. *See* http://www.csee.umbc.edu/~woodcock/cmsc482/proj1/pem.html (published October 24, 1995).
- POSTFIX, open source mail transfer agent for routing and delivering email. *See, e.g.*, Sharing Software, IBM to Release Mail Program Blueprint (published Dec. 14, 1998); Venema Aims to Make Network Software Safe (published Oct. 2 1998).

GoDaddy reserves the right to disclose to RPost additional relevant prior art as may be uncovered as this case proceeds without necessitating further amendment of this claim.

110. One or more claims of the '104 Patent are invalid under 35 U.S.C. § 112 at least because they are indefinite and/or fail to meet the written description and/or enablement requirements of 35 U.S.C. § 112.

111. As a result of RPost's allegation, an actual controversy has arisen and now exists between the parties as to whether the '104 Patent is invalid. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

112. Pursuant to 28 U.S.C. § 2201, *et seq.*, a judicial declaration that the '104 Patent is invalid is necessary and appropriate so that GoDaddy can ascertain its rights as to the '104 Patent.

113. GoDaddy reserves the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

**COUNT XI**

**Declaration of Invalidity of U.S. Patent No. 8,468,198**

114. The foregoing paragraphs are incorporated by reference.

115. Upon information and belief, the '198 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112.

116. The claims of the '198 Patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter because they do nothing more than describe a well-

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

known, abstract idea (e.g., that it is useful to track and/or authenticate emails) and apply it using conventional computer technology and the Internet.

117. The claims of the '198 Patent are invalid under 35 U.S.C. § 102 and/or § 103 because at least the following prior art references (and additional prior art references that may become known as this case proceeds), alone or in combination, anticipate or render obvious the asserted claims of the '198 Patent:

- Bahreman, et al., "Certified Electronic Mail," published at the Proceedings of the Internet Society's 1994 Symposium on Network and Distributed Systems Security, February 2-4, 1994, pp. 3-19.
- Al-Hammadi, et al., "Certified Exchange of Electronic Mail (CEEM)," Compute Engineering Program, Florida Institute of Technology, published at the Proceedings of IEE Southeastcon '99, March 25-28, 1999 at the Hyatt Regency Lexington, Lexington, Kentucky.
- Int'l Patent Application Publication No. WO 97/08869, published March 6, 1997 in name of Feldbau et al.
- PRIVACY-ENHANCED EMAIL, Internet standard for privacy-enhanced email. *See* http://www.csee.umbc.edu/~woodcock/cmsc482/proj1/pem.html (published October 24, 1995).
- POSTFIX, open source mail transfer agent for routing and delivering email. *See, e.g.*, Sharing Software, IBM to Release Mail Program Blueprint (published Dec. 14, 1998); Venema Aims to Make Network Software Safe (published Oct. 2 1998).

GoDaddy reserves the right to disclose to RPost additional relevant prior art as may be uncovered as this case proceeds without necessitating further amendment of this claim.

118. One or more claims of the '198 Patent are invalid under 35 U.S.C. § 112 at least because each includes the following indefinite claim limitation: "associating a link with the message by the server." One of ordinary skill in the art of the '198 Patent would not understand how a server would "associate" a link as claimed in the '198 Patent. For these and other reasons to be proven at trial, one or more claims of the '198 Patent are therefore invalid under 35 U.S.C. § 112 as indefinite, or for failure to meet the written description and/or enablement requirements of 35 U.S.C. § 112.

119. As a result of RPost's allegation, an actual controversy has arisen and now exists between the parties as to whether the '198 Patent is invalid. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

120. Pursuant to 28 U.S.C. § 2201, *et seq.*, a judicial declaration that the '198 Patent is invalid is necessary and appropriate so that GoDaddy can ascertain its rights as to the '198 Patent.

121. GoDaddy reserves the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

**COUNT XII**

**Declaration of Invalidity of U.S. Patent No. 8,468,199**

122. The foregoing paragraphs are incorporated by reference.

123. Upon information and belief, the '199 Patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 and 112.

124. The claims of the '198 Patent are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter because they do nothing more than describe a well-known, abstract idea (e.g., that it is useful to track and/or authenticate emails) and apply it using conventional computer technology and the Internet.

125. The claims of the '199 Patent are invalid under 35 U.S.C. § 102 and/or § 103 because at least the following prior art references (and additional prior art references that may become known as this case proceeds), alone or in combination, anticipate or render obvious the asserted claims of the '199 Patent:

- Bahreman, et al., "Certified Electronic Mail," published at the Proceedings of the Internet Society's 1994 Symposium on Network and Distributed Systems Security, February 2-4, 1994, pp. 3-19.
- Al-Hammadi, et al., "Certified Exchange of Electronic Mail (CEEM)," Compute Engineering Program, Florida Institute of Technology, published at the Proceedings of IEE Southeastcon '99, March 25-28, 1999 at the Hyatt Regency Lexington, Lexington, Kentucky.
- Int'l Patent Application Publication No. WO 97/08869, published March 6, 1997 in name of Feldbau et al.
- PRIVACY-ENHANCED EMAIL, Internet standard for privacy-enhanced email. *See* http://www.csee.umbc.edu/~woodcock/cmsc482/proj1/pem.html (published October 24, 1995).
- POSTFIX, open source mail transfer agent for routing and delivering email. *See, e.g.*, Sharing Software, IBM to Release Mail Program Blueprint (published Dec. 14, 1998); Venema Aims to Make Network Software Safe (published Oct. 2 1998).

GoDaddy reserves the right to disclose to RPost additional relevant prior art as may be uncovered as this case proceeds without necessitating further amendment of this claim.

126. One or more claims of the ’199 Patent are invalid under 35 U.S.C. § 112 at least because each includes the following indefinite claim limitation: “at least a portion of a data transport protocol dialog generated during transmission of the message from the server to the recipient.” One of ordinary skill in the art of the ’199 Patent would not understand what this limitations means as claimed in the ’199 Patent. For these and other reasons to be proven at trial, one or more claims of the ’199 Patent are therefore invalid under 35 U.S.C. § 112 as indefinite, or for failure to meet the written description and/or enablement requirements of 35 U.S.C. § 112.

127. As a result of RPost’s allegation, an actual controversy has arisen and now exists between the parties as to whether the ’199 Patent is invalid. This controversy has sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

128. Pursuant to 28 U.S.C. § 2201, *et seq.*, a judicial declaration that the ’198 Patent is invalid is necessary and appropriate so that GoDaddy can ascertain its rights as to the ’198 Patent.

129. GoDaddy reserves the right to request such a finding at or before trial and to seek a finding that this is an exceptional case under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, GoDaddy respectfully requests that the Court grant it the following relief:

(a) An award of actual damages in an amount to be proven at trial;

(b) Injunctive relief preventing RPost from further attempting to enforce the Patents-in-Suit against GoDaddy or its customers;

(c) An Order declaring each of the Patents-in-Suit is invalid;

(d) An Order declaring that each of the Patents-in-Suit is unenforceable;

(e) An Order declaring that GoDaddy does not infringe, under any theory, any of the Patents-in-Suit;

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

(f) A declaration that this case is exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action;

(g) An award of prejudgment and post-judgment interest;

(h) For such other and further relief in favor of GoDaddy as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

GoDaddy hereby demands a jury trial on all issues and claims so triable.

RESPECTFULLY SUBMITTED this 22nd day of January, 2014.

BALLARD SPAHR LLP

By: /s/ *Brian W. LaCorte*

Brian W. LaCorte (012237)
lacorteb@ballardspahr.com
Kimberly A. Warshawsky (022083)
warshawskyk@ballardspahr.com
Jonathon A. Talcott (030155)
talcottj@ballardspahr.com
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

John L. Cuddihy (*Pro Hac Vice* Forthcoming)
cuddihyj@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-2200
Facsimile: (202) 661-2299

*Attorneys for Plaintiff GoDaddy*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555