1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    GoDaddy.com LLC,                          No. CV-14-00126-PHX-JAT

10                    Plaintiff,               **ORDER**

11   v.

12   RPost Communications Limited, et al.,

13                    Defendants.

14          Pending before the Court is Defendants' motion to seal its motion to dismiss, filed

15   as Doc. 33 and captioned as "Defendants' Motion to Seal (I) Defendants RPost

16   International Limited's and RMail Limited's Motion to Dismiss Counts II-XII of the

17   Complaint Under Fed. R. Civ. P. 12(b)(1), (II) Declaration of Zafar Khan in Support

18   Thereof, and (III) Exhibits A and B to the Khan Declaration Pursuant to LRCiv 5.6" (the

19   "Motion"). The Court now rules on the Motion.

20   **I.      Legal Standard**

21          The Ninth Circuit Court of Appeals has recognized "a strong presumption in favor

22   of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

23   (9th Cir. 2003). The public has a general right of access "to inspect and copy . . . judicial

24   records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978),

25   which "extends to pretrial documents filed in civil cases." *Foltz*, 331 F.3d at 1134. The

26   only exceptions are those documents that have "traditionally been kept secret for

27   important policy reasons," namely grand jury transcript and certain warrant materials. *See*

28   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

1    Because of the strong presumption in favor of access to court records, a party

2  seeking to seal a judicial record "bears the burden of overcoming this strong presumption

3  by meeting the 'compelling reasons' standard." *Id.* That party must "articulate

4  compelling reasons supported by specific factual findings that outweigh the general

5  history of access and the public policies favoring disclosure, such as the public interest in

6  understanding the judicial process." *Id.* at 1178-79 (internal quotation marks and citations

7  omitted). A court deciding to seal judicial records must "base its decision on a

8  compelling reason and articulate the factual basis for its ruling, without relying on

9  hypothesis or conjecture." *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430,

10  1434 (9th Cir. 1995)).

11    "In general, 'compelling reasons' sufficient to outweigh the public's interest in

12  disclosure and justify sealing court records exist when such 'court files might have

13  become a vehicle for improper purposes,' such as the use of records to gratify private

14  spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

15  (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead

16  to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

17  without more, compel the court to seal its records." *Id.*

18    Accordingly, a party's allegations that material is "confidential" or "business

19  information" are insufficient to justify sealing court records containing such material

20  unless the party proves the existence of compelling reasons such as those set forth in

21  *Kamakana*. *Krause v. Nev. Mut. Ins. Co.*, 2013 WL 3776146, at *5 (D. Nev. July 16,

22  2013) (citing *Kamakana*, 447 F.3d at 1179). Moreover, because "confidentiality alone

23  does not transform business information into a trade secret," a party alleging trade secret

24  protection as a basis for sealing court records must show that the business information is

25  in fact a trade secret. *St. Clair v. Nellcor Puritan Bennett LLC*, 2011 WL 5335559, at *2

26  (D. Ariz. Nov. 7, 2011). Thus, only in extremely limited circumstances will confidential

27  information actually merit the sealing of court records. *See Kamakana*, 447 F.3d at 1182

28  (finding that conclusory statements about the content of documents did not provide

"compelling reasons sufficiently specific to bar the public access to the documents").

**II.    Analysis**

Defendants' sole basis for sealing their motion to dismiss is "because (i) the Khan Declaration and Exhibits A and B thereto contain Defendants' highly-confidential information and (ii) the Motion to Dismiss, which relies on the Khan Declaration and Exhibits A and B, includes therein much of this highly-confidential information." (Doc. 33 at 2). Defendants do not elaborate as to the nature of this "highly-confidential information," and have not met their burden of proving compelling reasons exist for sealing.

**III.   Conclusion**

For the foregoing reasons,

**IT IS ORDERED** denying Defendants' Motion to Seal (Doc. 33).

**IT IS FURTHER ORDERED** striking Defendants RPost International Limited's and RMail Limited's Motion to Dismiss Counts II-XII of the Complaint Under Fed. R. Civ. P. 12(b)(1) (currently lodged as Doc. 34) and Defendants' Proposed Additional Attachments to Main Document (currently lodged as Doc. 36). Docs. 34 & 36 shall remain under seal.

**IT IS FURTHER ORDERED** that on or before May 22, 2014 Defendants shall file an Answer or other responsive pleading addressing those counts that were addressed in the now-stricken motion at Doc. 34.

Dated this 20th day of May, 2014.

James A. Teilborg
Senior United States District Judge