WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoDaddy.com, LLC, | No. CV-14-00126-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| RPost Communications Limited, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Count II of Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 55). The Court now rules on the motion.

**I.    Background**

GoDaddy.com, LLC ("GoDaddy") has brought this Declaratory Judgment Action against Defendants RPost Holdings, Inc. ("RPost Holdings"), RPost International Limited ("RPI"), RMail Limited ("RMail"), and RPost Communications Limited ("RComm") (collectively, "RPost"), seeking, among other things, a declaration of unenforceability of various patents (the "Patents-in-Suit") for patent misuse. (Doc 46 at 17). This dispute arises out of RPost's attempted enforcement of certain patents, which GoDaddy asserts RPost has no right to enforce.

**A.    Ownership History of the Patents-in-Suit**

Starting in 1999, Dr. Terrance Tomkow applied for the Patents-in-Suit, which describe a way of tracking and confirming delivery of email. (Doc. 46 at 6). Kenneth Barton and Zafar Khan joined Tomkow in creating a corporate structure to protect this

1  intellectual property and founded RPost International and a related organization called
2  RPost, Inc. (*Id.*) Tomkow, Barton, and Khan were all shareholders in RPost International.
3  (*Id.*) On September 13, 2000, Dr. Tomkow assigned his patent applications to RPost
4  International, and the three principals unsuccessfully pursued funding to commercialize
5  the intellectual property owned by RPost International. (*Id.*)

6  Barton's relationship with Tomkow and Khan fell apart over time, and Barton
7  eventually brought two actions against Tomkow and Khan (the "Barton Cases"). (*Id.*)
8  First, on August 3, 2012, a California court found that Tomkow, Khan, and RPost
9  International had acted with malice, oppression, and fraud when they converted Barton's
10 RPost International shares. (*Id.* at 7). Tomkow, Khan, and RPost International were
11 ordered to restore Barton's shares and to pay punitive and general damages. (*Id.*) Second,
12 Barton brought another state action against RPost International, RMail, and RComm
13 alleging that RPost International, Tomkow, and Khan fraudulently transferred corporate
14 assets, including intellectual property assets, of RPost International to RComm and
15 RMail. (*Id.*) Barton alleges that Tomkow and Khan formed the new off-shore entity,
16 RMail, and then as officers of both RPost International and RMail, caused $750,000 to be
17 transferred from RPost International to RMail. (*Id.* at 8). RMail used that money to
18 purchase RPost International's intellectual property assets, including the Patents-in-Suit.
19 (*Id.*) RPost International then paid $200,000 to RMail as a license fee for the use of those
20 same intellectual property assets. (*Id.*) Barton did not approve or sign any of these
21 property transfers. (*Id.* at 9). RPost has tried to exploit the Patents-in-Suit since these
22 transfers have occurred. (*Id.*)

23 Khan and Tomkow have each filed for bankruptcy under Chapter 13 (the
24 "Bankruptcy Cases"), but Barton has objected to the bankruptcy filings for various
25 reasons. (*Id.*) In December 2013, the bankruptcy court granted Barton's motions to
26 convert Khan and Tomkow's Chapter 13 Bankruptcy Cases to Chapter 7 and appointed a
27 trustee to manage their assets, including the Patents-in-Suit. (*Id.*)

28 RPost has filed lawsuits against several of GoDaddy's competitors alleging

infringement of the Patents-in-Suit, which have been consolidated into one action called *Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-cv-258-JRG in the Eastern District of Texas (the "*Amazon* Case"), filed August 24, 2012. (*Id.* at 10–11). Just before trial, one defendant in the *Amazon* Case received correspondence from the plaintiff in the Barton Cases advising that there should be no settlement or disposition in actions involving the Patents-in-Suit until their ownership has been determined. (*Id.* at 11). In light of this correspondence, on January 30, 2014, the judge in the Eastern District of Texas stayed and administratively closed the *Amazon* Case pending resolution of the patent ownership disputes. (*Id.* at 11).

### B. RPost's Assertions of the Patents-in-Suit Against GoDaddy

RPost, referring to itself as simply "RPost," contacted GoDaddy and advised of its belief that GoDaddy was infringing the Patents-in-Suit. (Doc. 46 at 12–13). In an email on July 17, 2013 and a letter on October 4, 2013, RPost represented that it had clear, unclouded rights to license the Patents-in-Suit. (*Id.* at 15). RPost did not mention the Barton cases, the Bankruptcy Cases, or the *Amazon* Case in any correspondence to GoDaddy. GoDaddy alleges it believed that RPost, which includes RPost Holdings, RPost International, RMail, and RComm, had clear title of the Patents-in-Suit and all of the enforcement rights associated with patent ownership. (*Id.*) GoDaddy alleges that RPost misrepresented RPost's ownership of the Patents-in-Suit, causing GoDaddy to engage in negotiation talks with RPost before filing this Declaratory Judgment Action. GoDaddy alleges in Count II of its First Amended Complaint that through such misrepresentations, RPost has committed patent misuse. (Doc. 46 at 17–18). RPost moves to dismiss this claim. (Doc. 55).

### II. Rule 12(b)(6) Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it fails to state a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint need

contain only "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

But although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Id.* This requires more than merely "a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a complaint for failure to state a claim, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the Court does not have to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

### III. Patent Misuse

RPost argues that GoDaddy's claim for patent misuse fails as a matter of law because RPost has not impermissibly broadened the scope of the patent grant, which is a required element of patent misuse. (Doc. 55 at 4–5).

#### A. Legal Standard

Patent misuse is an equitable defense to patent infringement that "arose to restrain practices that did not in themselves violate any law, but that drew anticompetitive strength from the patent right, and thus were deemed to be contrary to public policy." *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed. Cir. 1992). The key inquiry

of patent misuse is whether, by asserting a patent, the patentee has: (1) impermissibly broadened the physical or temporal scope of the patent grant, and (2) by so doing has caused an anticompetitive effect. *U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005). "Where the patentee has not leveraged its patent beyond the scope of rights granted by the Patent Act, misuse has not been found." *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010). Practices that do "not broaden the scope of its patent, either in terms of covered subject matter or temporally," do not constitute patent misuse. *Id.* (quoting *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997)). If the alleged infringement "relates to subject matter within the scope of the patent claims . . . . the practice does not have the effect of broadening the scope of the patent claims and thus cannot constitute patent misuse." *Virginia Panel Corp.*, 133 F.3d at 869 (internal quotation marks omitted).

Bad faith by the patentee may also be an aspect of a patent misuse claim, but the impermissible broadening of the physical or temporal scope of the patent grant is still required for a successful claim of patent misuse. *See C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1373 (Fed. Cir. 1998) (discussing that while courts do not condone the wrongful use of patent rights, or their bad faith assertion, a claim for patent misuse must include the patentee impermissibly broadening the rights under the patent grant); *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 645365, at *10 (N.D. Cal. Feb. 19, 2014) ("To plead patent misuse, therefore, Turner must plead facts to support a reasonable inference that Nalco (1) [acted with] bad faith and improper purpose in bringing the suit, and (2) impermissibly broadened the scope of the patent grant with anticompetitive effect." (citations omitted) (internal quotation marks omitted)).

**B.     Analysis**

GoDaddy asserts that misrepresenting the ownership of a patent constitutes patent misuse. (Doc. 61 at 4). Because RPost's ownership over the Patents-in-Suit has been called into question by the Barton Cases and the Bankruptcy Cases, GoDaddy argues that RPost's attempts to enforce the Patents-in-Suit are instances of patent misuse. *Id.*

However, patent misuse requires the physical (subject matter) or temporal broadening of the patent grant. *Windsurfing Int'l v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986). In other words, misuse occurs when a patentee seeks to obtain monopoly power over subject matter that is not claimed in the patent, or if the patentee seeks monopoly benefits under the patent after the patent has expired. *See Virginia Panel*, 133 F.3d at 869. In this case, GoDaddy has made no argument that RPost is asserting the Patents-in-Suit against any of GoDaddy's products or services that are outside the claimed subject matter of the Patents-in-Suit, nor is there any evidence that RPost is attempting to extend the duration of the exclusivity rights of the Patents-in-Suit. Therefore, there is no evidence of RPost broadening the physical or temporal scope of the Patents-in-Suit.

GoDaddy argues that the misrepresentation of patent ownership is an impermissible broadening of the monopoly rights provided by a patent grant, and is therefore actionable by claiming patent misuse. (Doc. 61 at 8). GoDaddy, however, cites no authority directly supporting this claim, and Federal Circuit law says nothing to that effect. Instead, the Federal Circuit has indicated that an act by a patentee is "reasonably within the patent grant" if "it relates to the subject matter within the scope of the patent claims." *Virginia Panel*, 133 F.3d at 869 (quoting *Mallinkrodt*, 976 F.2d at 708). Accordingly, the misrepresentation of patent ownership is not patent misuse because it is not broadening the rights under the patent grant. A party who does not own a patent cannot enforce it. *See* 35 U.S.C. § 154(a)(1). A party cannot broaden its rights under a patent grant if the party never had any rights in the first place. Moreover, patent misuse is a defense used against the patentee. *Princo Corp.*, 616 F.3d at 1328 ("The doctrine of patent misuse is thus grounded in the policy-based desire to 'prevent *a patentee* from using the patent to obtain market benefit beyond that which inheres in the statutory patent right.'" (emphasis added) (quoting *Mallinckrodt*, 976 F.2d at 704)). In cases involving patent misuse, *the patentee* is the party able to broaden the rights granted by the patent. Because GoDaddy is arguing that RPost is not the patentee, patent misuse is inapplicable.

Patent misuse "arose to restrain practices that did not in themselves violate any

1 law, but that drew anticompetitive strength from the patent right." *Mallinckrodt*, 976 F.2d
2 at 704. However, misrepresenting patent ownership may very well violate laws against
3 fraud or misrepresentation. Therefore, there are potential actions against a party who
4 misrepresents patent ownership, making patent misuse unnecessary in such instances.
5 Additionally, the remedy for a finding of patent misuse is rendering the misused patents
6 unenforceable until the misuse is purged. *C.R. Bard, Inc.*, 157 F.3d at 1372. Patents are
7 already unable to be enforced by those who do not own them. *See* 35 U.S.C. § 154(a)(1).
8 Accordingly, it would be inefficient and redundant to apply patent misuse to conduct
9 involving misrepresenting patent ownership when the remedy available for patent misuse,
10 unenforceability, is already essentially in effect against a non-owner, and when there are
11 other claims through which to seek remedy, such as fraud and misrepresentation.

12 GoDaddy cites *Home Gambling Network, Inc. v. Piche*, Civ. No. 2:05-610-DAE,
13 2014 WL 2170600 (D. Nev. May 22, 2014), arguing that it supports its argument that
14 misrepresenting patent ownership is conduct deemed patent misuse. (Doc. 61 at 5). The
15 Court first notes that the decision cited by GoDaddy is a ruling on an award of attorneys'
16 fees, and therefore, any language speaking to the merits of the case is an abbreviated
17 summary of a prior order. Regarding the merits of the case in *Home Gambling*, the
18 plaintiff had surrendered subject matter in the claims during the prosecution of its patents,
19 but asserted the patents against the defendants as if that subject matter was still covered
20 by the patent claims. *Home Gambling Network, Inc. v. Piche*, 2:05-CV-00610-DAE,
21 2013 WL 5492568, at *11 (D. Nev. Sept. 30, 2013). Accordingly, the court found that the
22 plaintiff had engaged in patent misuse. *Id.* The quote relied upon by GoDaddy, that the
23 plaintiffs were guilty of patent misuse because they "brought a claim for patent
24 infringement that asserted infringement claims on steps of a patent that they voluntarily
25 relinquished and, thus, did not own," *Home Gambling*, 2014 WL 2170600, at *9, is not
26 talking about misrepresenting the ownership of a patent. Instead, the court in *Home*
27 *Gambling* was saying that the plaintiffs did own their patent, but they were impermissibly
28 broadening the patent's claimed subject matter to make the patent into something that it

1 was not. *Id.* This is exactly the type of conduct that patent misuse guards against: the
2 physical (subject matter) broadening of a patent grant.

3 GoDaddy also cites *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354 (S.D. Fla. 2010). (Doc. 61 at 5). The court in *IMX* addressed the applicability of 35 U.S.C. § 271(d)(3) to parties misrepresenting patent ownership. Section 271(d)(3) protects patent owners from being deemed guilty of patent misuse for seeking to enforce their patents against infringement. 35 U.S.C. § 271(d)(3) (2012). The court in *IMX* held that a claim for patent misuse for misrepresenting patent ownership was not barred under § 271(d)(3), because § 271(d)(3) only protects *patent owners* from being deemed guilty of patent misuse for simply seeking to enforce their patents against infringement. *IMX*, 748 F. Supp. 2d at 1358. This holding, however, is limited to the interpretation of § 271(d)(3) and does not speak to how misrepresenting ownership impermissibly broadens the rights under the patent grant. Without the impermissible broadening of the patent grant, there can be no patent misuse. *Princo Corp.*, 616 F.3d at 1328. For these reasons, this Court finds the *IMX* case to be unpersuasive in the determination of whether misrepresenting patent ownership is patent misuse.

GoDaddy asserts that pleading bad faith and improper purpose will allow a claim for patent misuse to survive a motion to dismiss, and cites *Nalco*, 2017 WL 645365, at *13, to support this assertion. (Doc. 61 at 6). However, the court in *Nalco* makes clear that the impermissible broadening of the patent scope is still a required element of a patent misuse claim. *Nalco*, 2017 WL 645365, at *10. GoDaddy also relies heavily on a quote in *C.R. Bard* which says that a "patent is also unenforceable for misuse when a patent owner attempts to use the patent to exclude competitors from their marketplace knowing that the patent was invalid or unenforceable." *C.R. Bard, Inc.*, 157 F.3d at 1373. However, this quote is part of a jury instruction, with which the Federal Circuit disagreed. *Id.* Instead, the Federal Circuit held that the defendants had failed to propose any of the classic grounds for patent misuse, and declined to extend the doctrine of patent misuse to the general notion of wrongful patent use. *Id.* ("the body of misuse law and

precedent need not be enlarged into an open-ended pitfall for patent-supported commerce"). Therefore, because GoDaddy has pled that RPost has acted in bad faith without pleading any facts that indicate an impermissible broadening of the Patent-in-Suit, GoDaddy's patent misuse claim fails.

The Court finds that GoDaddy has failed to allege that RPost has impermissibly broadened the physical or temporal scope of the Patents-in-Suit. Therefore, GoDaddy has failed to state a claim for patent misuse.

## V. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that RPost's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. 55) is GRANTED.

**IT IS FURTHER ORDERED** that GoDaddy's claim in Count II of the First Amended Complaint for patent misuse is DISMISSED.

Dated this 9th day of December, 2014.

James A. Teilborg
Senior United States District Judge