WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoDaddy.com, LLC, | No. CV-14-00126-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| RPost Communications Limited, et al., | |
| Defendants. | |

Pending before the Court is Defendants' ("RPost") Motion to Strike Notice of Filing Supplemental Exhibits 3 and 4 to Plaintiff's Responsive Claim Construction Brief. (Doc. 174). Plaintiff GoDaddy.com, LLC ("GoDaddy") filed a response (Doc. 179) and RPost filed a reply (Doc. 181). The Court now rules on the motion.

**I.  Background**

In the Court's Rule 16 Scheduling Order, the Court set the following *Markman* briefing deadlines: (1) RPost's opening *Markman* brief was due January 9, 2015; (2) GoDaddy's responsive *Markman* brief was due February 9, 2015; and (3) RPost's reply brief was due February 23, 2015. (Doc. 76 at 2). There is no dispute that the parties' original briefings (Docs. 114, 117, 119) timely met these deadlines.

On August 5, 2015, the Court set a *Markman* Hearing for October 22, 2015 and ordered the parties to file a joint notice with the Court stating whether each party intended to present extrinsic evidence at the *Markman* Hearing. (Doc. 153). On August 10, 2015, the parties filed a joint notice informing the Court that they did not intend to

present evidence beyond the patents-in-suit, the patents' file histories, and other documentary evidence that was submitted with the parties' *Markman* briefs. (Doc. 154).

On October 9, 2015, GoDaddy filed a Notice of Filing Supplemental Exhibits 3 and 4 to Plaintiff's Responsive Claim Construction Brief ("Notice of Filing"). (Doc. 171). In a separate, contemporaneous filing, GoDaddy lodged the proposed exhibits in un-redacted format ("Supplemental Exhibits"). (Doc. 173).

On October 22, 2015, the *Markman* Hearing was held. *See* (Doc. 182). GoDaddy included portions of the Supplemental Exhibits in its *Markman* Hearing PowerPoint presentation, but did not orally discuss them. GoDaddy also sought to admit into evidence Exhibits 1 and 2, which are un-redacted versions of the Supplemental Exhibits. If the Court denies RPost's pending motion to strike (Doc. 174), then it must determine the admissibility of Exhibits 1 and 2.

**II.   Analysis**

RPost argues that GoDaddy's Supplemental Exhibits should be stricken because the Notice of Filing was untimely and the Supplemental Exhibits are irrelevant. (Doc. 174). RPost notes that at least Supplemental Exhibit 3 was disclosed to GoDaddy on November 4, 2014—nearly a full year before the date on which GoDaddy filed its Notice of Filing. (Doc. 181). GoDaddy responds that "good cause" exists for the Court to consider the Supplemental Exhibits because they directly relate to "newly asserted positions" by RPost "on the scope of the patents-in-suit to be construed by the Court" in an expert report provided to GoDaddy on August 10, 2015. (Doc. 179). Specifically, GoDaddy argues that it was "impossible" to determine how RPost's products "met specific claim terms requiring 'proof'" before receiving the expert report which described in a "term-by-term analysis" how a commercial embodiment of the asserted patents, RPost's Registered Email, practices the patents. (*Id.* at 2–3).

In essence, GoDaddy attempts to amend its Responsive Claim Construction Brief by introducing additional evidence to bolster its arguments. It is undisputed, however, that GoDaddy filed its Notice of Filing over seven months after the *Markman* briefing

1 deadlines ended. Moreover, GoDaddy did not request the Court's approval to amend its
2 Responsive Claim Construction Brief via supplemental exhibits, nor has it sought the
3 Court's consent to amend the Rule 16 Scheduling Order as required by Federal Rule of
4 Civil Procedure 16(b)(4). *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified
5 only for good cause and with the judge's consent.").

6 In its briefing, GoDaddy asserts that "Exhibits 3 and 4 . . . *directly support*
7 GoDaddy's *Markman* brief arguments that specific terms in RPost's patents require
8 *proving* email transmission to a level of certainty beyond what RPost now conveniently
9 claims." (Doc. 179 at 1) (first emphasis added). While this statement, if true, likely sets
10 forth an argument as to the relevance of the Supplemental Exhibits, it undermines
11 GoDaddy's "good cause" argument. Namely, why would GoDaddy, which was at least in
12 possession of Supplemental Exhibit 3 at the time it filed its Responsive Claim
13 Construction Brief, not include Exhibit 3 as an exhibit at the time of filing if Exhibit 3
14 "directly supports" GoDaddy's arguments in that brief? In its briefing on this motion,
15 GoDaddy does not contend that it was wholly unaware of the Supplemental Exhibits at
16 the time it filed its Responsive Claim Construction Brief. Rather, GoDaddy ostensibly
17 argues that it was oblivious as to the *relevance* of the Supplemental Exhibits at the time
18 of filing. Such an argument does not result in a finding of "good cause."

19 Moreover, under the circumstances of this case, the fact that RPost's expert stated
20 that a particular commercial embodiment of a patent practices certain aspects of the
21 patent is of no moment to the Court's *construction* of the patent's claim terms. The
22 parties agreed that they would not introduce extrinsic evidence at the *Markman* Hearing
23 beyond the patents-in-suit, the patents' file histories, and demonstrative evidence
24 included in the parties' *Markman* briefings. (Doc. 154). The parties did not state that
25 expert testimony would be offered. (*Id.*) Thus, because RPost already made its claim
26 construction arguments in its Opening Brief (Doc. 115) and Reply Brief (Doc. 119), the
27 testimony of RPost's expert has no bearing on the Court's construction of the claim
28 terms. Consequently, for purposes of the Court's construction of the patents' claim terms,

evidence that allegedly derives its relevance *from* an expert report that itself will not be considered during claim construction is irrelevant.

Finally, the Court agrees with RPost that it was not "impossible" for GoDaddy to determine how RPost's Registered Email product met certain limitations of the asserted patents before the initial expert disclosure deadline. In response to GoDaddy's interrogatory request for identification of all RPost products that embodied or practiced the patents-in-suit, RPost identified—after a litany of objections—its Registered Email product. (Doc. 179-1 at 6). GoDaddy, however, did not attempt any further discovery on how the Registered Email product practiced certain limitations of the asserted patents.[1]

## III. Conclusion

Based on the foregoing reasons,

**IT IS ORDERED** that RPost's Motion to Strike Notice of Filing Supplemental Exhibits 3 and 4 to Plaintiff's Responsive Claim Construction Brief (Doc. 174) is granted. The Clerk of Court shall strike the documents at Docket 171, 172, and 173 and leave the documents at Docket 173 under seal. The Court will not consider GoDaddy's Supplemental Exhibits for purposes of claim construction.

**IT IS FURTHER ORDERED** that Exhibits 1 and 2, which GoDaddy moved to admit during the *Markman* Hearing, will not be admitted into evidence.

Dated this 27th day of October, 2015.

James A. Teilborg
Senior United States District Judge

---

[1] The Court also notes that RPost disclosed the expert report to GoDaddy nearly two months before GoDaddy filed its Notice of Filing. GoDaddy does not explain the two month time period, but such a long gap hardly suggests GoDaddy acted diligently, particularly when GoDaddy possessed at least Exhibit 3 since November 4, 2014. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").