WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoDaddy.com LLC,<br><br>          Plaintiff,<br><br>v.<br><br>RPost Communications Limited, et al.,<br><br>          Defendants. | No. CV-14-00126-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants'[1] Motion for Leave to Serve Amended Infringement Contentions and Supplement Their Opening Infringement Expert Report to Account for the Court's *Markman* Order. (Doc. 226). With discovery concluding and the dispositive motion deadline looming, the Court ordered expedited briefing. (Doc. 229). The parties diligently complied,[2] and the Court now rules on the motion.

---

[1] Defendants are RPost Communications Ltd.; RPost Holdings, Inc.; RPost International Ltd.; and RMail Ltd. Defendants are collectively referred to as "RPost."

[2] The parties bemoan the expedited briefing schedule ordered by the Court. Plaintiff GoDaddy.com, Inc. ("GoDaddy") complains that it received RPost's proposed amended infringement contentions close to midnight on February 1, 2016, while RPost shrewdly remarks four times that it had but "one business day" to craft those amendments. First, as the party requesting expedited disposition, RPost cannot complain. The Court is cognizant of the impending dispositive motion deadline, and, if it were to grant RPost's request, additional discovery would have been necessary to avert prejudice to GoDaddy. Second, GoDaddy should pause before grumbling as (1) RPost timely complied with the Court's schedule and (2) last minute responses are not foreign to or beneath GoDaddy. *See* (Doc. 245-7 at 3–4) ("I was engaged on this matter on November

## I.  Background

Over two years ago, GoDaddy filed a non-infringement lawsuit against RPost concerning several patents that claim various methods of electronic mail communication. (Doc. 1). After a series of motions to dismiss, the parties' claim construction briefing was completed in early 2015, and a *Markman* Hearing was set for March 11, 2015. *See* (Docs. 76, 114, 117, 119). However, on March 3, 2015, GoDaddy filed a Motion to Stay, effectively delaying the Court's claim construction for several months. (Doc. 121). After resolving the motion to stay, the Court conducted a *Markman* Hearing on October 22, 2015. (Doc. 182). The Court issued its *Markman* Order on January 19, 2016, construing the thirty-seven disputed claim terms across six patents. (Doc. 219). After a two month time extension, discovery concluded on January 29, 2016. (Doc. 190).

On January 28, 2016, RPost filed its motion for leave to amend its infringement contentions and supplement its expert report and requested expedited disposition of the motion. (Doc. 226). Specifically, RPost requested the opportunity to serve amended infringement contentions by February 5, 2016 and serve a supplement to its expert report by February 12, 2016. (*Id.* at 1). Because GoDaddy needed to review the proposed amended contentions to effectively respond to the motion, the Court required RPost to serve its proposed amended infringement contentions on GoDaddy by February 1, 2016. (Doc. 229). RPost timely served its proposed amendments. (Doc. 237).

---

16, 2015. At that time, I began gathering the materials required to approve me to view materials designated confidential under the Stipulated Protective Order. On November 17, 2015, I provided those materials to RPost's counsel. I understand that those materials were provided to GoDaddy and Port25 on that date and that RPost requested that I be cleared under the Stipulated Protective Order. I understand that the Stipulated Protective Order gives GoDaddy and Port25 seven days to object to the disclosure of their confidential information to me. I also understand that RPost requested that GoDaddy and Port25 expedite the clearance process. *I further understand that not only did GoDaddy and Port25 not expedite clearance, but that they did not respond to RPost's request at all.* Notwithstanding, I did not review any confidential information related to this matter until November 25, 2015. *Given that November 26, 2015 was Thanksgiving, I have effectively only had three business days to prepare my opinions.*" (emphasis added)).

## II. Legal Standard

RPost's motion to amend its infringement contentions and supplement its expert report implicates the "good cause" standard of Federal Rule of Civil Procedure ("Rule") 16 as it requires amending the Court's Rule 16 Scheduling Order. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Specifically, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The Federal Circuit has found that two elements are necessary for a party to meet the "good cause" standard when the party seeks to amend infringement contentions or supplement an expert report: (1) the movant's diligence in moving to amend and (2) the lack of prejudice to the non-movant. *See O2 Micro*, 467 F.3d at 1366; *Allvoice Developments US, LLC v. Microsoft Corp.*, 612 F. App'x 1009, 1015 (Fed. Cir. 2015). As to diligence, "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro*, 467 F.3d at 1366 (citing *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002)).

## III. Analysis

The "vast majority" of the dispute between the parties is whether RPost can amend its infringement contentions to include a theory of liability that purportedly was not asserted in its preliminary infringement contentions served on November 3, 2014. *See* (Doc. 244 at 7). Namely, RPost seeks leave to amend its infringement contentions to allege infringement under the Doctrine of Equivalents ("DOE") for claims that include the term "server." (*Id.*) In order to do so, RPost must demonstrate that it was diligent in filing its motion and that GoDaddy will not suffer prejudice.

### A. Diligence

At the Rule 16 Scheduling Conference, RPost observed that a party's infringement contentions may require amendment if the Court issued a *Markman* ruling "on a particular term where the party had advanced a particular construction before the hearing which was not accepted by the Court." (Doc. 85 at 16). The Court responded to RPost's

concern by expressly authorizing the parties to file a motion for leave to amend should they wish to amend their contentions. (Doc. 85 at 15–16). Notably, the Court did not state that a motion for leave to amend would ultimately be granted. Rather, the Court simply expressed its "preference" that, should a party seek to amend its contentions, filing a motion for leave was the appropriate way to do so.

The Court issued its *Markman* Order construing the disputed claim terms on January 19, 2016. (Doc. 219). RPost filed its motion for leave to amend on January 28, 2016, within ten days of the Court's order. (Doc. 226). RPost argues that it should be able to amend its infringement contentions due, in principal part, to the Court's construction of the term "server." (*Id.*) In the alternative, RPost contends that recently discovered "new" evidence concerning the architecture of GoDaddy's e-mail server establishes "good cause" to grant RPost leave to amend. (*Id.*)

The Court will address each argument in turn.

### 1. The Court's Construction of "Server"

The parties' proposed constructions, and the Court's construction, of the term "server" are as follows:

> **RPost**: Ordinary meaning. Alternatively, "a computer(s), computer program(s), or computing devices(s) that provides resources to other devices across a network"
>
> **GoDaddy**: "the outgoing server, separate from the sender, that creates an attachment, transmits the attachment and the message, and stores the portion of the mail transport dialog generated during transmission of the message"
>
> **Court**: "a server that is separate from the sender"

*See* (Docs. 191-1 at 1; 219 at 35). While the parties devote an inordinate number of pages in their briefing to lambast each other for disclosure tactics or other irrelevant issues, the Court is left wondering how its construction of "server" was so different from RPost's proposal that it should grant RPost's request to amend its infringement contentions after discovery has already closed.

- 4 -

RPost predicates its motion for leave on the notion that the Court's construction of "server" somehow authorizes RPost to serve amended infringement contentions "to account for the Court's *Markman* Order." (Doc. 226). RPost apparently glosses over this issue, however, as it concentrates its briefing nearly entirely on GoDaddy's discovery disclosures and the purported lack of prejudice to GoDaddy. While no doubt important issues, RPost should have also clarified how the Court's construction was so different (some courts employ the terms "materially different" or "significantly different") from its own proposal that it needs to amend its infringement contentions. In fact, on this issue, RPost devotes only one boilerplate sentence, see (Doc. 226 at 5) ("The differing constructions materially impact Defendants' theory of infringement, which gives rise to good cause in support of amendment and supplementation."), and a patently obvious comment, see (Doc. 244 at 7) ("The Court . . . did not adopt RPost's proposed[3] construction [of server].").

What the Court does not understand is *how* its construction of "server" "materially impacted" RPost's infringement theories. The rudimentary fact that the Court adopted a construction different than that proposed by RPost is, by itself, not enough. *See Schindler Elevator Corp. v. Otis Elevator Co.*, 2010 WL 4007303, at *3 (S.D.N.Y. Oct. 6, 2010). This standard remains true even in districts that have adopted local rules authorizing amendments to infringement contentions within a specified time period simply if the court adopts a "different" construction. *See, e.g.*, *See Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094, at *5 (N.D. Cal. June 26, 2013) (requiring court's construction to be "materially different" than amending party's proposal); *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 669–70 (E.D. Tex. 2007) (allowing amendment only after concluding that court's construction was "substantially different" than amending party's proposal).

While the Court's construction need not necessarily have "surprised" RPost, its adopted construction must have *at least* been materially different from RPost's proposal.

---

[3] The Court notes the disingenuous nature of this statement. RPost's self-described "proposed construction" was actually its *alternative* proposal.

- 5 -

In this case, although the Court did not wholly adopt either of the parties' proposals for "server," the Court's construction is considerably more analogous to RPost's proposal than GoDaddy's. RPost proposed that "server" be given its ordinary meaning, while GoDaddy added five limitations to the term. (Doc. 191-1 at 1). The only adjustment the Court made to RPost's proposal is one limitation: "a server that is separate from the sender." (Doc. 219 at 35). As explained in the *Markman* Order, this language does not modify the plain and ordinary meaning of the term "server." (*Id.* at 32).[4]

On its face, RPost's request for leave to amend within a mere ten days of the Court's *Markman* Order appears to establish diligence. Nonetheless, the Court remains unconvinced that its construction is so different from RPost's proposal that it should authorize RPost to serve amended infringement contentions because of that difference. Consequently, the Court will not allow RPost to amend its infringement contentions solely as a result of the Court's *Markman* Order.

## 2. Recent Discovery of New Evidence

RPost also argues that recent discovery of "new" evidence should allow it to serve amended infringement contentions. (Doc. 244 at 8–9). Specifically, RPost contends that only through recent discovery has it been able to fully develop its DOE infringement theory regarding GoDaddy's e-mail server architecture. (*Id.* at 3–6, 8–9). In response, GoDaddy heavily emphasizes the fact that Jason Haslup, a technical witness, was deposed in November 2014. (Doc. 238 at 2–3). According to GoDaddy, RPost had "all it needed to know" after Mr. Haslup's deposition and GoDaddy's March 2015 response to an RPost interrogatory that "crystallized" RPost's understanding of GoDaddy's e-mail server architecture. (*Id.*) RPost notes, however, that by November 2014, GoDaddy had provided only a fraction of its documents for review, produced only one of four technical

---

[4] Notably, the Court takes no position on whether the claim term "server," as construed by the Court, can entail multiple servers working together as one collective server.

- 6 -

witnesses for deposition, and possessed undisclosed diagrams that depicted GoDaddy's e-mail server architecture. (Doc. 244 at 3–4).

Amending infringement contentions based on recently discovered new evidence finds support both in GoDaddy's argument to the Court during the Rule 16 Scheduling Conference, see (Doc. 85 at 15–16), and from the local patent rules of other districts, see, e.g., N.D. Cal. Local Patent Rule 3-6(b)–(c) (stating that "recent discovery of material" and "recent discovery of nonpublic information about the Accused Instrumentality, which was not discovered . . . before the service of the Infringement Contentions" constitutes "good cause"). Accordingly, if RPost can show that it recently discovered new evidence that impacted its theory of claim infringement, such a showing could constitute "good cause" warranting an amendment to its preliminary infringement contentions.

Unfortunately, neither of the parties comes to the Court with clean hands. The parties have mutually engaged in dilatory tactics that have been unfair to the opposing party as well as to the Court. On one hand, after Mr. Haslup's November 2014 deposition, RPost certainly obtained at least a general awareness of GoDaddy's e-mail server architecture. Such awareness is evidenced by a cursory review of RPost's proposed amendments. Namely, in *every* instance where RPost adds the DOE theory of infringement to a claim, it cites to Mr. Haslup's November 2014 deposition for support. Such extraordinary reliance on this one deposition seriously belies RPost's theory that only through *recent* discovery did it comprehend GoDaddy's e-mail server architecture. Although RPost may not have been fully apprised of the server architecture in November 2014, it was at least put on notice of the technical elements of the structure. *See O2 Micro*, 467 F.3d at 1367 (approving district court's finding of lack of diligence where patentee had reason to know of its new infringement theory upon receipt of a technical data sheet for the accused products, or at least as of the deposition of the accused infringer's technical witness).[5]

---

[5] GoDaddy's response to Interrogatory No. 4 also provided additional insight into the architecture of GoDaddy's e-mail server. Although RPost claims that GoDaddy's

On the other hand, GoDaddy (1) delayed these proceedings from March 3, 2015 to July 29, 2015 with its motion to stay; (2) lingered for months to produce fact and technical witnesses for deposition; and (3) waited until January 22, 2016 to produce a diagram that portrayed its e-mail server architecture in more detail. The Court does not condone or admire such dilatory tactics.

The Court must, nonetheless, decide this issue and thereby require one party to shoulder the consequences of the other party's lack of diligence. Despite GoDaddy delaying this case for several months and slowly responding to discovery requests, the fact remains that RPost bears the burden of proving *its own diligence*. *See O2 Micro*, 467 F.3d at 1366 (citing *Genentech*, 289 F.3d at 774). RPost knew that DOE was a possible theory of infringement in this case ever since it served its preliminary infringement contentions in November 2014 and certainly by the time it served its expert report on December 1, 2015. RPost had five months from November 2014 to March 2015 (the date GoDaddy filed its motion to stay), in addition to six months after the Court resolved the motion to stay on July 29, 2015, to amend its infringement contentions. This does not constitute diligence. *See O2 Micro*, 467 F.3d at 1366 (requiring that a party must "proceed with diligence in amending [its infringement contentions] when new information comes to light in the course of discovery"). Even if RPost did not fully comprehend the architecture after Mr. Haslup's deposition, it certainly obtained "all it needed to know" by the time it deposed other technical witnesses in November and

---

response only provided the "functionality of the software applications that make up the accused products, not the email server architecture," (Doc. 244 at 4), "functionality" is one of DOE's underlying principles. Specifically, if the accused product contains "an element identical or equivalent to each claimed element of the patented invention," *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39–40 (1997), then the product infringes on the patent if the differing element performs substantially the same function in substantially the same way to get the same result as the patented product, *Union Paper-Bag Mach. Co. v. Murphy*, 97 U.S. 120, 125–26 (1877). At the time of GoDaddy's response, RPost was generally aware through Mr. Haslup's deposition that GoDaddy's e-mail server architecture included multiple servers working collectively as a unit. After the response, RPost also understood the general functionality of the system.

- 8 -

December of 2015. RPost's decision to wait until the second to last day of discovery to amend its infringement contentions to include a theory of infringement that will require further discovery (after an already extended discovery deadline) does not demonstrate diligence—particularly considering that *all* of RPost's proposed DOE infringement claims rely on Mr. Haslup's November 2014 deposition. *See St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2012 WL 1015993, at *7 (D. Del. Mar. 26, 2012) (finding lack of diligence in part because "[a]t the time [plaintiff] served its infringement contentions and expert reports, it already had access to documents and information on which it now relies to prove its new theory of infringement").

For these reasons, the Court cannot conclude that RPost recently discovered new evidence about GoDaddy's e-mail server architecture such that it could not have amended its infringement contentions long ago.[6] Thus, RPost has not demonstrated its diligence in seeking leave to amend based on recently discovered new evidence.[7]

### 3. Conclusion

Based on the foregoing, the Court finds that RPost has failed to show how the Court's constructions were materially different than its own or that new evidence was recently discovered that warrants a post-discovery amendment to RPost's infringement contentions. Thus, the Court concludes that RPost has not satisfied the "diligence" requirement and therefore, "good cause" has not been shown. *See O2 Micro*, 467 F.3d at 1368 ("Having concluded that the district court properly concluded that [patentee] did not

---

[6] Again, the Court wishes to make abundantly clear that it takes no position on whether or not RPost can successfully argue that "server," as construed by the Court, does in fact mean multiple servers working collectively as a single server under a theory of literal infringement.

[7] While the Court's analysis focuses on the parties dispute of the term "server," RPost did not attempt to show how newly discovered evidence impacted its understanding of various terms found in the Feldbau Patent. Rather, RPost merely states that these other amendments "supplement its contentions." (Doc. 244 at 8). Without showing how recently discovered evidence impacted its preliminary contentions, RPost did not satisfy the "good cause" standard.

- 9 -

act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to [accused infringer].").

### B. Prejudice

Because the Court concludes that RPost has not been diligent, the Court need not determine whether or not GoDaddy would be prejudiced.[8]

## IV. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that RPost's Motion for Leave to Serve Amended Infringement Contentions and Supplement Their Opening Infringement Exert Report to Account for the Court's *Markman* Order (Doc. 226) is **DENIED**.[9]

Dated this 5th day of February, 2016.

*James A. Teilborg*
Senior United States District Judge

---

[8] If the Court were to reach this issue, however, the Court would find that GoDaddy was completely aware of the DOE theory of infringement. GoDaddy's feigned ignorance of this "*completely new*" theory is outlandish to the point of fabrication, particularly considering the fact that RPost included an entire section in its preliminary infringement contentions stating that any limitation of the asserted claims that is not literally satisfied by the accused products is satisfied under the DOE. (Doc. 239-3). Moreover, RPost's experts disclosed that they reserved the right to amend their positions to include DOE infringement if the Court's claim constructions so required. (Docs. 239-6, 239-7). Had RPost met its burden of showing that the Court's constructions materially impacted its theory of infringement or had RPost requested leave to amend earlier, the outcome of this motion would likely have been different. As it stands, however, the fact that GoDaddy knew about the DOE theory of infringement speaks to the lack of prejudice towards GoDaddy, not the diligence of RPost.

[9] The related motions to seal (Docs. 240, 246) remain pending and will be addressed by separate Order.