WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoDaddy.com LLC, | No. CV-14-00126-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| RPost Communications Limited, et al., | |
| Defendants. | |

Pending before the Court are four motions to seal filed by Plaintiff GoDaddy.com LLC ("GoDaddy") and three motions to seal filed by Defendants.[1] (Docs. 240, 246, 259, 262, 269, 275, 277). The Court now rules on the motions.

## I.   Legal Standard

It has long been recognized that the public has a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of access extends to all judicial records except those that have "traditionally been kept secret for important policy reasons," namely grand jury transcripts and certain warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Nevertheless, "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm the litigant's competitive standing." *Nixon*, 435

---

[1] Defendants are RPost Communications Ltd.; RPost Holdings, Inc.; RPost International Ltd.; and RMail Ltd. Defendants are collectively referred to as "RPost."

U.S. at 598.

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Id.* at 1180.[2]

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599. The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*,

---

[2] In a recent opinion, a panel of the Ninth Circuit shifted from the dispositive/non-dispositive analysis to a review of the relationship between the underlying motion and the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp, LLC*, No. 15-55084, 2016 WL 142440, at *6 (9th Cir. Jan. 11, 2016) ("*Auto Safety*"). Specifically, *Auto Safety* held that public access to records attached to a motion that is "more than tangentially related to the merits of a case" will be reviewed under the "compelling interest" standard, while documents attached to a motion that does not have a "tangential" relationship to the merits of a case may be sealed if "good cause" is shown. *Id.* However, because *Auto Safety* was only a panel decision and not *en banc*, prior Ninth Circuit precedent centralizing the inquiry on whether the record is dispositive or non-dispositive was not overruled. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). Circuit Judge Sandra S. Ikuta stated as much in her Dissent:

> According to the majority, the district court here erred because it "relied on language in our cases which provides that when a party is attempting to keep records attached to a 'non-dispositive' motion under seal, it need only show 'good cause.'" Maj. op. at 5. This comes as a surprise, because the "language in our cases" constitutes binding precedent. But no matter, the majority invents a new rule, namely that a party cannot keep records under seal if they are attached to any motion that is "more than tangentially related to the merits of a case," Maj. op. at 17, unless the party can meet the "stringent standard" of showing that compelling reasons support secrecy, Maj. op. at 8. Because this decision overrules circuit precedent and vitiates Rule 26(c) of the Federal Rules of Civil Procedure, I strongly dissent.

*Auto Safety*, 2016 WL 142440, at *9. Whether *Auto Safety* will be reheard by the Ninth Circuit *en banc* is unknown as of the date of this Order.

447 F.3d at 1179. If the Court decides to seal certain judicial records after considering these interests, "it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quotation omitted).

In the business context, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement (First) of Torts § 757, cmt. B (1939)). As this Court has observed in the past, "because confidentiality alone does not transform business information into a trade secret, a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *PCT Int'l Inc. v. Holland Elecs. LLC*, 2014 WL 4722326, at *2 (D. Ariz. Sept. 23, 2014) (quotation omitted). In other words, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.

Similarly, the less-stringent "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (quotation omitted); *see* Fed. R. Civ. P. 26(c). Thus, "[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" is not enough to overcome the strong presumption in favor of public access. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.   Analysis

The parties move to seal documents appended to both dispositive and non-

dispositive motions. Because different standards apply to each type of motion, *see Kamakana*, 447 F.3d at 1180, the Court will analyze each motion individually.

### A.    Non-Dispositive Motion

The parties ask the Court to seal various documents filed in conjunction with RPost's motion to amend its infringement contentions. (Docs. 240, 246). The Court finds that the underlying motion was merely a procedural request by RPost for leave to amend its infringement contentions on the eve of the discovery deadline. *See* (Doc. 226). Thus, the motion was a non-dispositive motion that was not "more than tangentially related to the merits of a case." Accordingly, the "good cause" standard for sealing treatment applies. *See Kamakana*, 447 F.3d at 1180; *Auto Safety*, 2016 WL 142440, at *6.

The Court concludes that the need for expedited resolution of these motions constitutes "good cause" to seal the documents. Also pending before the Court are cross motions for summary judgment and a *Daubert* motion that all must be briefed and decided prior to August 22, 2016, the firm trial date set for this case. For this reason, the Court will permit these documents to be filed under seal.[3]

### B.    Dispositive Motions

The parties also moved to seal numerous documents appended to dispositive motions. *See* (Docs. 259, 262, 269, 275, 277). The Court will review each motion in turn.

---

[3] The Court notes, however, that this ruling has no bearing on whether these same documents can be sealed for purposes of summary judgment or at trial. Should a party seek to file and seal these documents in conjunction with a summary judgment brief, the party must satisfy the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1178. Should a party seek to introduce and seal these documents at trial, the party must satisfy the Ninth Circuit's multi-pronged test. *See Phx. Newspapers, Inc. v. U.S. Dist. Court for the Dist. of Ariz.*, 156 F.3d 940, 949 (9th Cir. 1998) (requiring a party to satisfy three prongs to seal a document at trial: (1) sealing serves a compelling interest, (2) there is a substantial probability that without sealing the compelling interest would be harmed, and (3) reasonable alternatives to sealing cannot adequately protect the compelling interest (citing *Oregonian Publ'g Co. v. U.S. Dist. Court for the Dist. of Or.*, 920 F.2d 1462, 1464 (9th Cir. 1990))). Thus, the Court's sealing of these documents is based exclusively on finding that "good cause" exists.

1            **1.      GoDaddy's Motion to Preclude (Doc. 266)**

2          On March 1, 2016, GoDaddy filed a Motion to Preclude Testimony of Defendants'

3   Damages Expert Gregory Smith Redacted ("Motion to Preclude") pursuant to *Daubert v.*

4   *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Doc. 266).[4] Concurrently,

5   GoDaddy filed a motion to seal portions of the Motion to Preclude and accompanying

6   Exhibits 1, 2, and 4. (Doc. 262).[5] RPost filed a response in opposition to GoDaddy's

7   Motion to Preclude, (Doc. 279), and a motion to seal Exhibit 1 to the Declaration of

8   Lewis E. Hudnell III filed in support of RPost's response ("First Hudnell Declaration"),

9   (Doc. 277). Neither party opposes the other party's motion to seal.

10         The parties seek to seal these documents because they contain "sensitive business

11  information" regarding (1) the "financial performance of the accused products,"

12  (2) "operating margins and sales information" of GoDaddy, (3) "RPost's damages expert

13  royalty calculation by specific percentage," (4) "confidential RPost licensing negotiations

14  with Authentix," and (5) "product marketing survey results commissioned by GoDaddy."

15  *See* (Docs. 262 at 1–2; 277 at 1–2). The parties assert that "[w]ith no allowance for the

16  sealing of the [documents], GoDaddy and RPost sensitive proprietary information would

17  be revealed, without providing any additional benefit to ensuring the public interest's

18  understanding of the judicial process." (Docs. 262 at 2; 277 at 2). The parties also note

19  that the documents have been designated as "Confidential or Highly Confidential under

20  the Protective Order." (*Id.*)

21         Although GoDaddy and RPost contend that a showing of "good cause" permits the

22  Court to seal these documents, *see* (*id.*), the Ninth Circuit holds that *Daubert* motions

23  closely associated with the merits of a summary judgment motion are subject to the

24  "compelling reasons" standard. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Prac.*

---

26         [4] GoDaddy's Motion to Preclude remains pending and will be resolved by

27  subsequent order.

28         [5] Although GoDaddy lodged versions of the three exhibits for the Court's review,
    it did not lodge a non-redacted version of the motion itself.

*Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (*"In re Midland"*). In this case, GoDaddy moves to preclude the entire testimony of RPost's damages expert, (Doc. 266), while also moving for summary judgment on the issue of damages under the theory that RPost's damages expert is the only evidence of RPost's damages, (Doc. 257 at 31). Thus, GoDaddy would not be entitled to summary judgment on the issue of damages if the Court denies its *Daubert* motion. Accordingly, the Court finds that GoDaddy's *Daubert* motion is closely associated with the merits of its summary judgment motion, and, in order to seal the documents, the parties must show "compelling reasons" that overcome the "strong presumption in favor of access." *See In re Midland*, 686 F.3d at 1120.

### a.    GoDaddy's Motion to Preclude

GoDaddy seeks permission to redact multiple portions of its Motion to Preclude. (Doc. 266). Although GoDaddy did not file a non-redacted version of this motion, it is apparent from the filed Motion to Preclude that GoDaddy seeks to redact three types of information: (1) the royalty rate percentage proposed by RPost's damages expert, Mr. Smith, (2) marketing survey results of a survey commissioned by GoDaddy, and (3) generic financial information of GoDaddy. *See* (Doc. 266). According to GoDaddy, the royalty rate percentage is "sensitive proprietary information," while the survey results and financial information are "of a very sensitive nature." (Doc. 262 at 1).

The Court finds that GoDaddy's generalized statement that this information is "sensitive" does not demonstrate that "specific prejudice or harm will result" if the material is publicly filed. *See Foltz*, 331 F.3d at 1130. Similarly, GoDaddy does not substantiate its "broad allegation of harm" with "specific examples or articulated reasoning." *See Beckman*, 966 F.2d at 476. Unlike other situations where courts have permitted a party to file a royalty rate under seal, *see In re Elec. Arts, Inc.*, 298 F. App'x at 569 (sealing a document that reflected a royalty rate that was part of a licensing agreement between a party and a third entity), the royalty rate in this case is simply Mr. Smith's *proposed* royalty rate and does not reflect an actual term of an enforceable agreement between the parties. In fact, Mr. Smith's proposed royalty rate is the element

of his report that GoDaddy predominantly challenges as unreliable under *Daubert*, *see* (Doc. 266), thereby ensuring public interest in the information, *see Kamakana*, 447 F.3d at 1178–79 (noting that the main public policy favoring disclosure is the "public interest in understanding the judicial process"). Moreover, Mr. Smith's royalty rate cannot be considered *GoDaddy's* trade secret because it is *RPost's* proposed rate to calculate damages. Finally, should Mr. Smith's expert report withstand GoDaddy's Motion to Preclude, GoDaddy is undoubtedly aware that the royalty rate will be brought to the jury's attention at trial—in unsealed format. For these reasons, the proposed royalty rate does not overcome the strong presumption of public access, and the Court will not permit GoDaddy to redact this information.

Likewise, the Court is not persuaded that the "very sensitive nature" of GoDaddy's marketing survey or generic financial information constitutes a compelling reason that justifies redaction. Aside from its blanket statement that the survey and financial data constitutes "very sensitive" information which, if revealed publicly, could potentially cause harm, GoDaddy has not demonstrated what "specific prejudice or harm will result" if the information is not redacted. *See Foltz*, 331 F.3d at 1130. Because the Court is precluded from hypothesizing or assuming that a compelling reason exists, *see Kamakana*, 447 F.3d at 1179, GoDaddy will not be permitted to redact this information.[6]

### b.      Exhibit 1 to GoDaddy's Motion to Preclude

GoDaddy seeks to seal Exhibit 1 to its Motion to Preclude. (Doc. 262 at 1). After review of the exhibit, which is an expert report of David R. Perry explaining why he believes that Mr. Smith's damages report is flawed, the Court is not persuaded that the information warrants sealing under the compelling reasons standard. Namely, GoDaddy does not provide a "particularized showing" that "specific prejudice or harm will result" if the excerpts from Mr. Perry's report are publicly disclosed, *see Foltz*, 331 F.3d at 1130,

---

[6] GoDaddy did not lodge a non-redacted version of its Motion to Preclude. Thus, the Court will require GoDaddy to file a Notice of Compliance appended with a non-redacted version of the motion.

1    nor does the report constitute a trade secret, *see In re Elec. Arts, Inc.*, 298 F. App'x at

2    569–70. Thus, the Court will not permit this exhibit to be filed under seal.

3                    **c.**    **Exhibit 2 to GoDaddy's Motion to Exclude**

4            GoDaddy also seeks to seal sixty-nine full pages of RPost's supplemental expert

5    report and accompanying appendices. Reflected in the sixty-nine pages is a hodgepodge

6    of information that clearly does not warrant sealing under the compelling reasons

7    standard. For example, GoDaddy asks the Court to seal multiple pages of Mr. Smith's

8    academic and professional background, in addition to material that GoDaddy publicly

9    disclosed in its Securities and Exchange Commission ("SEC") Forms S-1 and 10-Q. As

10   to the revenue data for certain products, GoDaddy did not make a "particularized

11   showing" that "specific prejudice or harm would result" if such information was publicly

12   disclosed. *See Foltz*, 331 F.3d at 1130. Nor is the Court persuaded that such revenue

13   information is a sealable trade secret. GoDaddy's explanations for sealing are generalized

14   in nature, do not show that any measures outside of this litigation have been taken to

15   secure confidentiality, and lack substantiation with specific examples or articulated

16   reasoning. *See* (Doc. 262 at 1–2). More specificity is required. *See Foltz*, 331 F.3d at

17   1130; *Beckman*, 966 F.2d at 476. Finally, for the reasons set forth above, Mr. Smith's

18   proposed royalty rate does not warrant sealing treatment.

19           The Court will, however, allow the parties to file under seal the documents

20   detailing the express terms and conditions of RPost's prior settlement agreements that are

21   currently lodged at Docket No. 263-1 at ¶¶ 56–62, 87, and Supplemental Exhibit 6. The

22   Court is satisfied that (1) release of this information would result in an invasion of the

23   privacy interests of third parties, (2) RPost would suffer competitive harm if this material

24   were made public, and (3) compelling reasons exist to file this information under seal.

25   *See In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding compelling reasons to seal the

26   pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing

27   agreement). More specifically, the Court is satisfied that disclosing the terms of these

28   agreements would put RPost at a stark disadvantage in future negotiations for similar

agreements.[7]

### d.	Exhibit 4 to GoDaddy's Motion to Exclude

This exhibit contains excerpts of Mr. Smith's deposition regarding the following topics: (1) Mr. Smith's apportionment of damages, (2) the proposed running royalty rate by the prior owner of the Feldbau Patent, and (3) the GoDaddy-commissioned market survey. Again, GoDaddy has not elaborated or explained why this information should be sealed, and the Court is not persuaded that compelling reasons exist to do so. *See Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."). Whether Mr. Smith properly apportioned damages is an issue that GoDaddy strongly disputes, *see* (Doc. 266), and thus, the public has a high interest in this information to understand the judicial process. In the absence of compelling reasons as to why this information merits sealing, the Court will not authorize Exhibit 4 to be sealed.

### e.	First Hudnell Declaration

RPost seeks to seal an exhibit to the First Hudnell Declaration, which contains excerpts of Mr. Perry's expert report analyzing Mr. Smith's proposed royalty rate. For the reasons stated above, the Court will not permit this exhibit to be filed under seal.

### 2.	RPost's Motion for Summary Judgment

GoDaddy argues that the redacted portions of Exhibits 16, 17, and 23 to Mr. Hudnell's Declaration in support of RPost's motion for summary judgment ("Second Hudnell Declaration") should be sealed because the exhibits contain "information regarding non-public, confidential internal GoDaddy business practices, the parties' commercial relationship with a third party, revenue and sales performance information about the accused email marketing products, and certain of the parties' pre-suit communications regarding the amount of settlement offers that are in effect GoDaddy's

---

[7] Because this document was not lodged in redacted format, the Court will require GoDaddy to file this document redacted in accordance with this Order.

trade secrets." (Doc. 275 at 1–2).[8] As to the specific prejudice or harm that would befall GoDaddy if these documents were filed publicly, GoDaddy briefly notes that its competitors could "exploit[] knowledge of the GoDaddy's products and business practices as leveraging points in future business dealings with GoDaddy." (*Id.* at 4–5).

Because these documents are appended to a dispositive motion, GoDaddy must overcome the strong presumption of access to judicial records by setting forth compelling reasons. After review of the proposed redactions, the Court concludes that none of the redactions are justified under the compelling reasons standard. GoDaddy has not explained why the documents' generalized summary of GoDaddy's internal practices is so imperative to the company's competitive stature such that GoDaddy's interest in the information overcomes the strong presumption of public access to judicial records. Nor is the Court convinced that any of the documents constitute sealable trade secrets. Consequently, the Court ORDERS as follows:

| Docket No. in Support of Sealing | Document | The Court's Ruling |
|---|---|---|
| 259 | RPost's Motion for Summary Judgment (Doc. 260) | **DENIED AS MOOT**. The parties stipulated that RPost's Motion for Summary Judgment of Plaintiff's Count I (Fraudulent Misrepresentation of Patent Ownership) need not be filed under seal. *See* (Doc. 274 at 2). |
| 259 | RPost's Separate Statement of Facts (Doc. 261) | **DENIED AS MOOT**. The parties stipulated that RPost's Separate Statement of Facts need not be filed under seal. *See* (Doc. 274 at 2). |
| 259 | Exhibits 16, 17, 21, 23, and 24 | **DENIED AS MOOT**. The parties have stipulated that Exhibits 21 and 24 need not be filed under seal, *see* |

---

[8] RPost previously moved to file its motion for summary judgment, statement of facts, and five exhibits under seal. (Doc. 259). After the Court ordered additional briefing, RPost filed a Notice of Compliance stating that the parties stipulated that RPost's motion for summary judgment, statement of facts, and two exhibits did not require sealing. (Doc. 274 at 2). Subsequently, GoDaddy moved to seal the three exhibits that it maintains warrant sealing treatment. (Doc. 275).

| | | to Second Hudnell Declaration (Doc. 264) | (Doc. 274 at 2), and GoDaddy subsequently moved to seal the other three exhibits, *see* (Doc. 275). The Court will therefore determine whether to seal Exhibits 16, 17, and 23 based on GoDaddy's motion. |
|---|---|---|---|
| | 275 | Exhibit 16 to Second Hudnell Declaration (Doc. 264-1) | **DENIED**. The redacted portions of this document include a *proposed* settlement offer from RPost and generic information about GoDaddy's commercial relationship with a third party. The Court finds that neither piece of information constitutes a sealable "trade secret," *see, e.g.*, *Allagas v. BP Solar Int'l, Inc.*, 2016 WL 324040, at *2 (N.D. Cal. Jan. 27, 2016) ("There is no apparent privilege or trade secret matter at stake if . . . documents [describing settlement offers] are disclosed."); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 2012 WL 6019754, at *3 (N.D. Cal. Dec. 3, 2012) (denying a motion to seal a document consisting of settlement negotiations because the party "fail[ed] to articulate how the disclosure of [the] document could 'become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" (citing *Kamakana*, 447 F.3d at 1179)), and is not persuaded that GoDaddy's lone allegation of specified harm—competitor exploitation—is applicable to this material. |
| | 275 | Exhibit 17 to Second Hudnell Declaration (Doc. 264-2; 264-3) | **DENIED**. The fact that this testimony (1) references innocuous communications between RPost and GoDaddy, (2) provides an estimated number of patent notice letters GoDaddy received, (3) discloses RPost's initial settlement offer, and (4) alludes to pre-suit discussions between GoDaddy and a third party does not warrant sealing the information from public purview. Again, the Court is not persuaded that this business information is a trade secret or that GoDaddy's competitors could exploit this material as leverage in future business dealings with GoDaddy. |
| | 275 | Exhibit 23 to Second Hudnell Declaration (Doc. 264-5) | **DENIED**. This document also references RPost's initial settlement offer and GoDaddy's contention that a third party is involved in the alleged infringement. Such material does not constitute sealable trade secrets, and the Court is not persuaded that GoDaddy's lone contention of prejudice applies to the remainder of the redacted material. Namely, it is seemingly unlikely that |

| | | |
|---|---|---|
| | | a GoDaddy competitor could use revenue information for one or two products of the publicly traded company as a "leveraging point[] in future business dealings with GoDaddy," and GoDaddy does not expound upon this point in further detail. |

### 3.   GoDaddy's Statement of Facts   (Doc. 269)

GoDaddy moves to seal several exhibits attached to its Statement of Facts ("SOF Exhibits"). (Doc. 269). GoDaddy contends that the SOF Exhibits "contain excerpts of confidential deposition testimony and expert reports discussing the parties' non-public financial information, secret information about the parties' respective products at issue in this case, and GoDaddy technical trade secrets information." (*Id.* at 1). Beyond broadly claiming that disclosure of the SOF Exhibits would "potentially caus[e] each party competitive harm," (Doc. 269 at 4), GoDaddy does not illuminate what "specific prejudice or harm" the parties would incur if the information was filed publicly, *see Foltz*, 331 F.3d at 1130.

The Court finds that GoDaddy has not satisfied its burden of showing compelling reasons that overcome the strong presumption in favor of public access to judicial records and ORDERS as follows:

| SOF Exhibit No. | The Court's Ruling |
|---|---|
| 8 | **DENIED**. Much of Exhibit 8 simply provides a general overview of the Feldbau and Tomkow Patents, which clearly does not warrant sealing. The remainder of the exhibit explains the relationship between GoDaddy and a third party. In the absence of an explanation as to why this relationship constitutes a compelling reason for sealing, the Court is not persuaded that the fact of the relationship alone overcomes the public's strong presumption of access to judicial records. |
| 9 | **DENIED**. GoDaddy seeks to seal forty-one full pages of Mr. Smith's deposition testimony but does not, however, articulate any particular reason why this information should be sealed. For example, GoDaddy's broad allegation that this is "confidential deposition testimony" does not describe any measures taken outside of this litigation to secure confidentiality and lacks substantiation with specific examples or articulated reasoning. More specificity is required. *See Foltz*, 331 F.3d at 1130; *Beckman*, 966 F.2d at 476. |

| 10 | **DENIED**. The Court is completely unaware why this excerpt of Dr. Terrance Tomkow's deposition warrants sealing. The information describes (1) prior cases widely available to the public and (2) the educational background of Dr. Tomkow. |
|---|---|
| 19 | **DENIED**. RPost claims that this document is "highly confidential" because it discusses non-public positions and business information of RPost. Again, however, the Court is presented with no indication as to why this information is so confidential such that sealing is necessary. On its face, this document provides generic business information about RPost, such as Mr. Tomkow's estimation of how many employees worked at RPost on a particular date. Absent a showing of particularized prejudice or harm, the Court will not allow the parties to seal this document. |
| 27 | **DENIED**. Exhibit 27 is a twenty-seven page excerpt from RPost's infringement contentions. GoDaddy claims the document refers to "GoDaddy's technical information relating to the accused products that is commercially sensitive and non-public." The document is structured with the following three sections: (1) claim language, (2) a generalized description of the accused infringing products (many of which are screen captures from GoDaddy's website with website addresses), and (3) a "discussion" of the alleged infringement. The claim language is certainly not sealable information, nor are screen captures that display publicly available website addresses. As to the remaining information, absent a detailed explanation of why the material harms or prejudices GoDaddy, the Court will not hypothesize or manufacture such an explanation. *See Kamakana*, 447 F.3d at 1179. |
| 28 | **DENIED**. For the same reasons as Exhibit 27, GoDaddy's request to seal Exhibit 28 is denied. The Court is not persuaded that the strong presumption of public access has been overcome by GoDaddy's broad allegation of generalized harm. |
| 30 | **DENIED**. Exhibit 30 is a sixteen page excerpt of Mr. Haslup's deposition. As before, the Court is not persuaded that GoDaddy's broad allegation of harm has overcome the strong presumption of public access to judicial records. GoDaddy states that Exhibit 30 contains "secret information" but does not explain why this information is secret or whether additional measures have been implemented to maintain the information's "secrecy." |
| 35 | **DENIED**. This document includes excerpts from Mr. Smith's supplemental expert report. GoDaddy publicly disclosed much of this information in its Form S-1, while the other information concerns Mr. Smith's proposed royalty rate, which as discussed above, is not entitled to sealing treatment. |
| 36 | **DENIED**. Exhibit 36 contains excerpts from the deposition of Marc Heiligers, who apparently has knowledge about GoDaddy's Mad Mimi product. Once again, the Court is not persuaded by GoDaddy's broad allegation of harm that the company would suffer a loss of competitive standing if this non-trade secret information was filed publicly. |

| 37 | **DENIED**. This document contains excerpts from the deposition of Eric Weiherer. The parties do not clarify the identity of Mr. Weiherer or what position he holds in this litigation. In any event, the Court is not persuaded that the strong presumption of public access to judicial records has been overcome simply because GoDaddy believes this information is "secret." Without a detailed explanation setting forth a reason why this deposition testimony prejudices or harms GoDaddy, the Court can only speculate as to why this information requires sealing. *See Kamakana*, 447 F.3d at 1179. |
| --- | --- |

## III.   Conclusion

For the reasons set forth above,

**IT IS ORDERED** that GoDaddy's Motion to Seal Exhibits 1-3, 5, and 8 to Response Brief (Doc. 240) is **GRANTED**. The Clerk of Court shall file under seal the documents lodged at Docket No. 241.

**IT IS FURTHER ORDERED** that RPost's Motion to File under Seal (Doc. 246) is **GRANTED**. The Clerk of Court shall file under seal the documents lodged at Docket No. 247.

**IT IS FURTHER ORDERED** that RPost's Motion to Seal Document (Doc. 259) is **DENIED** as moot. The Clerk of Court shall unseal and file RPost's proposed motion for summary judgment and separate statement of facts that are lodged at Docket Nos. 260 and 261.

**IT IS FURTHER ORDERED** that GoDaddy's Unopposed Motion to Seal Redacted Portions of Exhibits 16-17 and 23 to Declaration of Lewis E. Hudnell, III in Support of RPost's Motion for Summary Judgment of Count I (Fraudulent Misrepresentation of Patent Ownership) (Doc. 275) is **DENIED**. On April 1, 2016, the Clerk of Court shall unseal and file the documents that are lodged at Docket No. 264.

**IT IS FURTHER ORDERED** that GoDaddy's Motion to Seal Exhibits to GoDaddy's Statement of Fact[s] in Support of Motion for Summary Judgment (Doc. 269) is **DENIED**. On April 1, 2016, the Clerk of Court shall unseal and file the documents that are lodged at Docket No. 270.

**IT IS FURTHER ORDERED** that GoDaddy's Motion to Seal Exhibits to Motion to Preclude Testimony of Damages Expert Gregory Smith and Request to File

Under Seal Redacted Portions of its Motion (Doc. 262) is **DENIED**. By April 1, 2016, GoDaddy shall file a Notice of Compliance appended with versions of its Motion to Preclude and accompanying exhibits that are in accordance with this Order. Once GoDaddy files its Notice of Compliance, the Clerk of Court shall file under seal the documents lodged at Docket No. 263.

IT IS FINALLY ORDERED that RPost's Motion to File Under Seal (Doc. 277) is **DENIED**. On April 1, 2016, the Clerk of Court shall unseal and file the documents that are lodged at Docket No. 278.

Dated this 24th day of March, 2016.

James A. Teilborg
Senior United States District Judge