WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoDaddy.com LLC, | No. CV-14-00126-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| RPost Communications Limited, et al., | |
| Defendants. | |

Pending before the Court is GoDaddy.com LLC ("GoDaddy")'s Motion for Reconsideration of Limited Portion of the Court's March 24, 2016 Order. (Doc. 287). The Court now rules on the motion.

**I.    Legal Standard**

According to the Local Rules of Civil Procedure for the District of Arizona:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). As a general matter, motions for reconsideration are disfavored and are

appropriate only if: (1) the movant presents newly discovered evidence; (2) the Court committed clear error or the initial decision was manifestly unjust; or (3) an intervening change in controlling law has occurred. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Accordingly, a party should not file a motion to reconsider to ask a court "to rethink what the court had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

**II.     Analysis**

In the Ninth Circuit, when a court permits a litigant to seal information attached to a dispositive motion from the public purview "it must base its decision on a compelling reason *and articulate the factual basis for its ruling, without relying on hypothesis or conjecture*." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178, 1179 (9th Cir. 2006) (emphasis added). Thus, the litigant must provide the Court with particular reasons as to why the material merits sealing treatment. *See, e.g.*, *id.* at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."); LRCiv 5.6(b) ("Any motion . . . to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal[.]"). In this case, GoDaddy provided "general categories of privilege" in its motion to seal but did not explain why the documents deserved sealing treatment. *See* (Doc. 262). GoDaddy now aspires to provide those reasons in its motion for reconsideration.

Consequently, GoDaddy's motion for reconsideration hinges on this question: Should the Court grant the motion despite GoDaddy's lack of diligence? GoDaddy devotes the first four pages of its motion for reconsideration to recycle the same argument presented in its motion to seal, namely, that the data should be sealed because it is "sensitive business information" and "confidential." *Compare* (*id.*), *with* (Doc. 287 at 1–4). Finally, on the fifth and sixth pages of its motion, GoDaddy outlines new, legitimate reasons as to why the data should be considered either a trade secret or business

information that might harm GoDaddy's competitive standing. *See* (Doc. 287 at 5–6). Unfortunately, GoDaddy neglects to explain why it "could not" have brought these facts to the Court's "attention earlier with reasonable diligence" or set forth "the reasons [why] they were not presented earlier." LRCiv 7.2(g)(1). GoDaddy instead assumes that the Court should have understood why this data warranted sealing treatment simply because GoDaddy proclaimed in its motion to seal that the information was "sensitive" and "confidential."[1] As stated above, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.

Notwithstanding the deficiencies in GoDaddy's motion, the Court finds that the extremely limited nature of GoDaddy's redaction requests and the fact that the data sought to be redacted is not directly associated with the dispositive issues presented in the motion to exclude, weighs in favor of permitting GoDaddy to redact the specific data outlined in its motion for reconsideration. Based on the reasons outlined in GoDaddy's motion for reconsideration, the Court is persuaded that disclosure of the material at this stage of litigation could cause harm to GoDaddy's competitive standing and will therefore allow the information to be redacted.[2]

### III. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that GoDaddy's Motion for Reconsideration of Limited Portion

---

[1] Of course, GoDaddy also insisted that publicly disclosed Form S-1 data and the educational background of RPost's damages expert was "confidential." *See* (Doc. 262). Apparently, as this information is not included in GoDaddy's motion for reconsideration, the Court correctly assumed that the material was not a trade secret or sealable business information.

[2] The Court makes abundantly clear, however, that although it is permitting GoDaddy to redact this data in regards to its motion to exclude, the Court's ruling has no effect on whether or not GoDaddy can seal or redact this information at trial. The parties should remember that trials are conducted as public proceedings.

of the Court's March 24, 2016 Order (Doc. 287) is **GRANTED**.[3]

**IT IS FURTHER ORDERED** that the parties shall redact the highlighted information in GoDaddy's lodged proposed redactions for all filings due April 1, 2016.

**IT IS FINALLY ORDERED** that the Clerk of Court shall file under seal the documents lodged at Docket Nos. 288 and 289.

Dated this 31st day of March, 2016.

James A. Teilborg
Senior United States District Judge

---

[3] Generally, the Court is required to allow an opposing party the opportunity to respond before granting a motion for reconsideration. *See* LRCiv 7.2(g)(2). Unlike the underlying motion to seal, *see* (Doc. 262 at 2), GoDaddy does not state in its motion for reconsideration whether or not RPost consents to the motion. However, because the motion being reconsidered was not opposed, the Court finds a response from RPost to be unnecessary.

- 4 -