WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoDaddy.com, LLC, | No. CV-14-00126-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| RPost Communications Limited, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff GoDaddy.com, LLC ("GoDaddy")'s Motion to Strike RPost's Rule 56.1 Reply Statement of Facts, (Doc. 322), Defendants'[1] Motion to Strike, or in the Alternative Seal, Exhibit 40 to GoDaddy's Reply in Support of its Motion for Summary Judgment, (Doc. 324), and two motions to seal filed by RPost, (Docs. 305, 319). The Court now rules on the motions.

**I.  Motions to Strike**

    **A.  GoDaddy's Motion to Strike**

After GoDaddy filed its controverting and supplemental statements of facts ("CSOF"), (Docs. 307, 308), RPost filed a "Rule 56.1 Reply Statement of Facts in Support of its Statement of Material Facts and Controverting Statement of Facts to GoDaddy's Additional Statement of Statement of Facts" ("RSOF"), (Doc. 316). GoDaddy moves to strike RPost's RSOF and its attached exhibits as improperly filed in

---

[1] Defendants are RPost Communications Ltd.; RPost Holdings, Inc.; RPost International Ltd.; and RMail Ltd. Defendants are collectively referred to as "RPost."

violation of the Local Rules of Civil Procedure for the District of Arizona ("Local Rules"). (Doc. 322). GoDaddy does not oppose or object to RPost correcting errors in the record, but insists that RPost must do so by filing a Notice of Errata. (*Id.* at 3).

In response, RPost (1) filed a Notice of Errata to correct several errors in the record, (Doc. 330); (2) argued that it should be allowed to provide evidence to rebut two false statements made by GoDaddy in its CSOF, (Doc. 331 at 4–5); (3) contended that it should be permitted to file additional documents to cure evidentiary objections made by GoDaddy to RPost's original statement of facts ("SOF"), (*id.* at 6–7); and (4) rescinded the remainder of its RSOF, (*id.* at 7).

In reply, GoDaddy argued that RPost failed to set forth sufficient reasons to deviate from the Local Rules and should have objected to GoDaddy's CSOF in the body of RPost's reply brief and attached the proper documentation to its opening brief. (Doc. 335 at 2–4).

### 1.   Legal Standard

The Local Rules do not permit a party moving for summary judgment to file a separate statement of facts in response to the non-moving party's statement of facts. *See Isom v. JDA Software Inc.*, 2015 WL 3953852, at *1–2 (D. Ariz. June 29, 2015); LRCiv 7.2(m)(2). As the Court has explained,

> Local Rule of Civil Procedure 56.1(a) requires the party moving for summary judgment to file a separate statement of facts with its motion. The non-moving party must then file a statement, separate from its memo, that specifically responds to each of the moving party's statements of fact and that sets forth any additional facts that make summary judgment inappropriate. Local Rule 56.1 does not provide for a reply statement of facts or a response to the non-moving party's separate statement of facts.
> In fact, Local Rule 7.2(m)(2) provides that any objection to the non-moving party's statement of facts must be made in a reply memorandum, and cannot be presented in a separate responsive memorandum. . . .
> The Local Rules do not contemplate attaching additional exhibits to replies in support of summary judgments or filing a separate response to the non-moving party's statement of facts. This is consistent with the moving party's need to show no genuine issue of material facts exists and that there is no need for a trier of fact to weigh conflicting evidence, assuming the

non-moving party's evidence is true.

*Kinnally v. Rogers Corp.*, 2008 WL 5272870, at *1–2 (D. Ariz. Dec. 12, 2008) (internal citations and quotations omitted). The Court described the rationale behind Local Rule 7.2(m)(2) as follows:

> Explicating the logical possibilities for a supplemental statement of facts demonstrates why Defendant's argument must fail. Each of Plaintiff's supplemental facts necessarily must fall into one of the following categories: (1) not material to deciding the motion, (2) material to deciding the motion and disputed, or (3) material to deciding the motion and undisputed. A movant is not prejudiced by not responding to facts falling into the first category because a court does not consider immaterial facts in ruling on a motion for summary judgment. Nor is a movant prejudiced by not responding to facts falling into the second category because disputed facts serve to defeat the motion for summary judgment. Defendant in its unauthorized response disputes a number of Plaintiff's supplemental facts; if just one of these facts is material to deciding the motion, then Defendant has necessarily defeated its own motion. Thus, Defendant can gain nothing by disputing these facts. Finally, a movant is not prejudiced by not responding to facts falling into the third category because the movant's agreement that these supplemental facts are undisputed merely further supports the non-movant's position.

*Isom v. JDA Software Inc.*, 2015 WL 3953852, at *1 (D. Ariz. June 29, 2015) (internal citations omitted).

### 2. Analysis

To begin, RPost draws on the Court's prior statement that a moving party may not file a reply statement of facts "assuming the non-moving party's evidence is true." (Doc. 331 at 4) (citing *Kinnally*, 2008 WL 5272870). According to RPost, it should be permitted to supplement the record to provide evidence showing that GoDaddy's CSOF Nos. 95 and 104 are, in fact, false. *See* (*id.*) Notwithstanding, the Court will deny RPost's request for the simple reason that it does not find CSOF Nos. 95 and 104 to be "material" for deciding RPost's motion for summary judgment. When and to whom RPost disclosed the California lawsuits during the *Amazon* litigation has no bearing on GoDaddy's fraudulent misrepresentation claim in this case. As expressed above, "[a] movant is not prejudiced by not responding to facts falling into the first category because a court does

not consider immaterial facts in ruling on a motion for summary judgment." *Isom*, 2015 WL 3953852, at *1 (citing *Quanta*, 2014 WL 1246144, at *3); *see Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). Here, the Court concludes that GoDaddy's CSOF Nos. 95 and 104 are immaterial to Count I of its FAC.

Next, RPost insists that it should be granted leave to "cure" several of GoDaddy's evidentiary objections to RPost's SOF by submitting a supplemental declaration by Zafar Khan, RPost's Chief Executive Officer ("Khan Declaration II"), and supporting documents. (Doc. 331 at 6–7). GoDaddy objected to RPost's SOF Nos. 2–8, 10–12, and 14–19 (the "Disputed SOFs") based on Federal Rule of Evidence ("FRE") 1002, which requires a party to prove the contents of a document by producing the original document itself, in addition to authentication and hearsay grounds. (Doc. 307). In the Disputed SOFs, RPost relied solely on previously filed declarations of Mr. Khan ("Khan Declaration I") and John K. Fitzgerald ("Fitzgerald Declaration"). *See* (Doc. 285 at 2–4) (citing Docs. 58, 59, & 59-1). Neither of these declarations cite to or attach the documents RPost now affixes to the proposed Khan Declaration II, namely, a purchase and sale agreement, (Doc. 318-1); an assignment of patent rights from Authentix Authentication Technologies, Ltd. (Doc. 318-2); a promissory note, (Doc. 318-3); a termination of exclusive patent licensing agreement, (Doc. 318-4); and two exclusive patent licensing agreements, (Docs. 318-5; 318-6).

GoDaddy makes two primary contentions as to why the Court should deny RPost's request to file these documents. First, GoDaddy argues that RPost "should have" affixed the documents to its opening brief. (Doc. 335 at 4). Second, GoDaddy contends that the attached documents "are not the versions produced in this case as they either do not bear a Bates Label at all or are labeled from a different matter." (*Id.*) Initially, the Court agrees that RPost "should have" attached these documents to its original motion for summary judgment. Nonetheless, the Court will grant RPost's request for leave to file the Khan Declaration II and the attached documentation. To avert any possible prejudice to GoDaddy, the Court will afford GoDaddy the opportunity to respond to the documents.

*See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." (quotation omitted)).

As to the remainder of RPost's RSOF, RPost elected to "withdraw" those facts, "[w]ithout conceding the merits of GoDaddy's arguments." (Doc. 331 at 7). Thus, the Court will not consider the remainder of RPost's RSOF when ruling on RPost's motion for summary judgment.

### 3. Conclusion

For efficiency purposes, the Court will deny GoDaddy's motion to strike but will not consider the portions of RPost's RSOF that (1) RPost withdrew, (2) serve to "correct" the record, or (3) rebut GoDaddy's CSOF Nos. 95 and 104. The Court will grant RPost's request for leave to file documents to "cure" the evidentiary objections made by GoDaddy. Because RPost already filed the relevant documents, GoDaddy shall have three days from the date of this Order to file its own controverting statement of facts to RPost's RSOF Nos. 2–8, 10–12, and 14–19 only.

### B. RPost's Motion to Strike

RPost moves the Court to strike or alternatively seal Exhibit 40 to GoDaddy's reply in support of its motion for summary judgment. (Doc. 324). After RPost filed this motion, the parties acknowledged to the Court that RPost's motion to strike could be granted due to the Court's ruling on GoDaddy's *Daubert* motion. Specifically, GoDaddy stated that Exhibit 40 has no relevance to the currently pending motions for summary judgment, and thus, can be stricken from the record. Consequently, the Court will grant the motion to the extent it seeks to strike Exhibit 40 from the record, without prejudice.

## II. Motions to Seal

RPost moves the Court to seal two documents containing the following information which purportedly contain "trade secrets": (1) GoDaddy's computer code for its e-mail servers, *see* (Doc. 305 at 3), and (2) RPost's "suppliers," *see* (Doc. 319 at 3).

- 5 -

1  GoDaddy does not oppose either motion.

## A. Legal Standard

It has long been recognized that the public has a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of access extends to all judicial records except those that have "traditionally been kept secret for important policy reasons," namely grand jury transcripts and certain warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Nevertheless, "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm the litigant's competitive standing." *Nixon*, 435 U.S. at 598.

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Id.* at 1180.[2]

---

[2] In a recent opinion, a panel of the Ninth Circuit shifted from the dispositive/non-dispositive analysis to a review of the relationship between the underlying motion and the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp, LLC*, No. 15-55084, 2016 WL 142440, at *6 (9th Cir. Jan. 11, 2016) ("*Auto Safety*"). Specifically, *Auto Safety* held that public access to records attached to a motion that is "more than tangentially related to the merits of a case" will be reviewed under the "compelling interest" standard, while documents attached to a motion that does not have a "tangential" relationship to the merits of a case may be sealed if "good cause" is shown. *Id.* However, because *Auto Safety* was only a panel decision and not *en banc*, prior Ninth Circuit precedent centralizing the inquiry on whether the record is dispositive or non-dispositive was not overruled. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). Circuit Judge Sandra S. Ikuta stated as much in her Dissent:

> According to the majority, the district court here erred because it "relied on language in our cases which provides that when a party is attempting to keep records attached to a 'non-dispositive' motion under seal, it need only

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599. The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179. If the Court decides to seal certain judicial records after considering these interests, "it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quotation omitted).

In the business context, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quotation omitted). As this Court has observed in the past, "because confidentiality alone does not transform business information into a trade secret, a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *PCT Int'l Inc. v. Holland Elecs. LLC*, 2014 WL 4722326, at *2 (D. Ariz. Sept. 23, 2014) (quotation omitted). In other words, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.

---

> show 'good cause.'" Maj. op. at 5. This comes as a surprise, because the "language in our cases" constitutes binding precedent. But no matter, the majority invents a new rule, namely that a party cannot keep records under seal if they are attached to any motion that is "more than tangentially related to the merits of a case," Maj. op. at 17, unless the party can meet the "stringent standard" of showing that compelling reasons support secrecy, Maj. op. at 8. Because this decision overrules circuit precedent and vitiates Rule 26(c) of the Federal Rules of Civil Procedure, I strongly dissent.

*Auto Safety*, 2016 WL 142440, at *9.

**B. Analysis**

In this case, RPost seeks to seal two documents that relate to the parties' cross-motions for summary judgment. Thus, RPost must present "compelling reasons" that the documents are entitled to sealing treatment. *See Kamakana*, 447 F.3d at 1180.[3]

As to the document disclosing GoDaddy's computer code, the Court finds that compelling reasons exist for sealing the document as source code falls squarely within the realm of a trade secret. *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) (sealing declaration that "consist[ed] entirely of Samsung's source code" because it "clearly meets the definition of a trade secret" and sealing portions of another declaration that "reproduce[d] or discuss[ed] in any detail Samsung's confidential source code"); *Microsoft Corp. v. Motorola, Inc.*, 2012 WL 5476846, at *2–4 (W.D. Wash. Nov. 12, 2012) (sealing "confidential source code"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2–5 (N.D. Cal. Mar. 10, 2010) (sealing exhibits that disclosed source code); *see also Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (noting that "source code is undoubtably [sic] a trade secret").

Regarding RPost's "supplier" information, the Court finds that this information is merely tangentially related to the merits of RPost's motion for summary judgment. Under such circumstances, the public's interest in the information is at its nadir. On the other hand, RPost explains that it would suffer "grievous harm" from public disclosure of this "sensitive proprietary information" because only it has access to the information and uses it to "obtain an advantage" over its competitors. (Doc. 319 at 3). On balance, because sealing RPost's "supplier" information will have no impact on the public's need to understand court proceedings and RPost's competitive standing would be harmed by public disclosure, the Court will permit RPost to file this information under seal. *See*

---

[3] Under the *Auto Safety* test, the "compelling reasons" standard would still apply as a motion for summary judgment is undoubtedly "more than tangentially related to the merits of the case." *See Auto Safety*, 2016 WL 142440, at *6.

*Nixon*, 435 U.S. at 598 ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records [do not] serve as . . . sources of business information that might harm the litigant's competitive standing."); *In re Elec. Arts*, 298 F. App'x at 569–70 (noting that in the business context, a "trade secret may consist of any . . . compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it").

### III. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that GoDaddy's Motion to Strike RPost's Rule 56.1 Reply Statement of Facts, (Doc. 322), is **DENIED**. The Court will only consider RPost's RSOF Nos. 2–8, 10–12, and 14–19 which attempt to cure GoDaddy's evidentiary objections. Within three days from the date of this Order, GoDaddy may file its own controverting statement of facts in response to these designated RSOF <u>only</u>.

**IT IS FURTHER ORDERED** that RPost's Motion to Strike or in the Alternative Seal, Exhibit 40 to GoDaddy's Reply in Support of its Motion for Summary Judgment, (Doc. 324), is **GRANTED** to the extent it seeks to strike the document. The Clerk of Court shall strike Docket No. 314-1 from the record. The Alternative request to seal the document is **DENIED**.

**IT IS FURTHER ORDERED** that RPost's Motion to Seal (Doc. 305) is **GRANTED**. The Clerk of Court shall file under seal the document currently lodged at Docket No. 306.

**IT IS FINALLY ORDERED** that RPost's Motion to Seal (Doc. 319) is **GRANTED**. The Clerk of Court shall file under seal the document currently lodged at Docket No. 320.

Dated this 1st day of June, 2016.

James A. Teilborg
Senior United States District Judge